SKIPPER v. CLIFTON MFG. CO.

PRINCIPAL AND AGENT—MASTER AND SERVANT—NEGLIGENCE—EXEM-
PLARY DAMAGES.—If an agent or servant perform his duties wilfully,
maliciously or wantonly, with intent to injure another, or with reck-
less disregard for another's property, his principal or master is liable
in exemplary damages.

Before BUCHANAN, J., Spartanburg, March term, 1900.
Reversed.

Action by Nancy Skipper against Clifton Manufacturing
Co.    From order sustaining demurrer, plaintiff appeals.

*Messrs. Nash & Sease,* for appellant, cite: 37 S. C., 199,
380; 13 S. C., 18.

*Messrs. Simpson & Bomar,* contra, cite: 4 Rich., 335; 5
Rich., 18; 3 S. C., 8, 581; 29 S. C., 386; *Spellman* v. *R. R.,*
35 S. C.; *Cobb* v. *Ry.,* 37 S. C.

July 7, 1900.    The opinion of the Court was delivered by

Mr. JUSTICE GARY.    The appeal herein is from an order
sustaining a demurrer.    The record contains the following
description of the complaint, to wit: "The portion of the
complaint necessary for the consideration of the question
raised, is as follows: The first three sections of the complaint
allege the corporation of the defendant, and that it was oper-
ating the railroad in question.    They in no way involve the

question raised.   Sec. 4.   That on said 22d day of August, 1898, the plaintiff was riding along the public highway, in close proximity to the said railroad of the defendant, in company with two friends, being drawn by a mule hitched to a buggy.   That while driving along the highway at said time and place, the plaintiff met the engine of the *defendant,* commonly called a 'dummy,' running along the said railroad, *in charge of and managed by the agents and employees of the defendant.*   Sec. 5.   That after the said mule had almost passed the said engine or 'dummy,' *the engineer or agent of the defendant, while in the exercise of his duties in running said engine* or 'dummy,' maliciously, unnecessarily, wilfully, negligently, mischievously and wantonly, with utter disregard to the rights of this plaintiff, sounded the whistle of said 'dummy' or engine, making a great and frightful noise in close proximity to said mule.   Sec. 6.   That because of such malicious, unnecessary, wilful, negligent, mischievous and wanton conduct of the *agent* and *employee of the defendant,* the said mule was greatly frightened, became unmanageable, and caused to run, that the buggy was overturned and plaintiff thrown violently to the ground, that she was severely shocked, thereby receiving severe blows on her head and side, because of which she has ever since been in a weak physical condition.   Sec. 7.   That from said injuries, so inflicted, the plaintiff has suffered great physical and mental pain and anguish; has been compelled to expend money for medical and other attention, and is injured in her body for life, being in such condition that she is unable to perform her accustomed duties, to her damage $3,000 (italics ours)."

The issue before the Court is thus stated in the argument of respondent's attorneys : "Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that the acts of which the plaintiff complained were the acts of a servant of the defendant company and not of the company itself, and that from such facts no liability could arise as against the defendant."

In the case of *Rucker* v. *Smoak,* 37 S. C., 377, the Court uses the following language: "When one person invests another with authority to act as his agent for a specified purpose, all the acts done by the agent in pursuance or within the scope of his agency, are and should be regarded as really the acts of the principal.   If, therefore, the agent, in doing the act which he is deputed to do, does it in such a manner as would render him liable for exemplary damages, his principal is likewise liable, for the act is really done by him." Mr. Justice Pope, in *Cobb* v. *R. R. Co.,* 37 S. C., 194, says: "If, while in defendant's employ, and in the exercise of the duties of the position for which he is employed, he maliciously, wilfully, wantonly, etc., performed those duties, either with an intention to injure the plaintiff or with reckless disregard of the safety of the plaintiff's property, the employer is liable."   These allegations of the complaint which we have italicized show clearly that it comes within the principle stated in the foregoing cases, and that his Honor, the presiding Judge, erred in sustaining the demurrer.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.