## 7604

### GENS v. WESTERN UNION TELEGRAPH CO.

1. NONSUIT.—Will this Court reverse order of nonsuit on ground that evidence objected to as incompetent tended to show plaintiff had some other cause of action than stated in his complaint?

2. TELEGRAPH COMPANIES.—NONSUIT in this case was improperly granted because there was evidence tending to show the delivery of the telegram was unduly delayed and, therefore, plaintiff was entitled to the amount paid for prompt delivery, and there was evidence tending to show the agent held the message for twenty-four hours without effort to deliver, though twice reminded of the duty to deliver, which entitled plaintiff to punitive damages.

MR. JUSTICE GARY *also thinks the admission of other damages not alleged should be considered as competent in passing on the motion.*

Before SEASE, J., Hampton, March, 1910. Reversed.

Action by Wm. Gens against Western Union Telegraph Company. Plaintiff appeals from order granting nonsuit.

*Messrs. W. N. Heyward* and *W. B. deLoach,* for appellant. *Mr. deLoach* cites: *There was proof of wilful tort:* 69 S. C., 327; 69 S. C., 545, 161. *Long explained delay raises presumption of negligence:* 77 S. C., 408; 69 S. C., 545; 70 S. C., 83, 423; 75 S. C., 97. *Admitting evidence to support incompetent allegations not error:* 82 S. C., 461. *Testimony having remote causal connection between wrongful act:* 72 S. C., 260; 54 S. C., 498; 65 S. C., 436. *Nonsuit cannot be granted on whole case if there is evidence of any damages:* 72 S. C., 260; 65 S. C., 123, 99, 222; 69 S. C., 550; 70 S. C., 424. *There was evidence of actual damages, which should have gone to the jury:* 70 S. C., 424, 87; 57 S. C., 323; 65 S. C., 430. *Jury may find punitive without actual damages:* 77 S. C., 56, 546.

*Messrs. Geo. H. Fearons, E. F. Warren* and *G. Warren,* contra, cite: *Measure of damages for failure to deliver business telegram:* 71 S. C., 29; 75 S. C., 16; 78 S. C., 428. *Minimized damages:* 69 S. C., 539; 75 S. C., 214. *Punitive damages not recoverable here:* 77 S. C., 526; 73 S. C., 520; 76 S. C., 301. *Special damages must be alleged:* 40 S. C., 524; 31 S. C., 49; 72 S. C., 294.

July 5, 1910. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages alleged to have been sustained by the plaintiff through the defendant's failure to deliver a telegram, and the appeal is from an order of nonsuit.

On the 21st of April, 1908, the plaintiff sent to his attorney, Mr. W. B. deLoach, the following message: "Are you coming? Answer." At this time the plaintiff was under arrest for violation of an ordinance of the town of Ridgeland, S. C., and the telegram was sent in pursuance of an

agreement with Mr. deLoach, that he would represent the plaintiff whenever notified, in such case. This message was delivered within a reasonable time.

On the 21st of April, 1908, the following telegram, in answer to the foregoing, was delivered to the defendant for transmission:

"Camden, S. C., 4-21. Wm. Gens, Ridgeland, S. C. Mr. deLoach not here; try Columbia, Supreme Court. Mrs. W. B. deLoach."

But it was not delivered to plaintiff until the lapse of more than twenty-four hours after it was received at Ridgeland.

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit on the ground that the complaint shows the action was not for mental anguish, and "that there is nothing upon the face of the first telegram or of the reply telegram, which would have notified the defendant company of any damage which would have been sustained by reason of the non-delivery of these telegrams."

Even if it should be conceded that this is a proper construction, as to what the complaint shows upon its face, nevertheless, there was error in granting the nonsuit on this ground, for the reason that his Honor, the presiding Judge, had allowed the plaintiff to introduce testimony tending to show that the plaintiff had sustained damages, other than those arising from mental anguish, as will be seen by reference to the following testimony, which appears in the record:

"Q. What did you do when you received that message, Capt. Bill? A. I got Mr. Colcock; I had to go and hunt Mr. Colcock, and at first I could not find him, and I went to Fayville—I got him there. Q. How far is that from where you live? A. Six miles. Q. How long does it take you to go there and get back? A. About an hour and a half— Mr. Warren: I object; there is no such allegation in the complaint. The Court: I think it is competent. Q. You procured the services of Mr. Colcock? A. Yes, sir. Q. How far did you go? A. Six miles. Q. How long did it

take you to go there? A. A couple of hours; good horse go there and come back in a couple of hours. Q. What was the services of that horse worth? A. My mare was worth $225. Oh, a dollar or two. Mr. Warren: I object to that. The Court: Was that your own horse? Witness: Yes, sir. The Court: You did not have to hire one? Witness: No, sir. The Court: Strike it out. The Court: What was your horse doing—anything—at the time? Witness: Yes, sir; ploughing, and I was merchandising. The Court: You can prove that, I guess. Q. What was the services of your horse worth, to go that distance? A. I generally charge $1.50 to go down there, and $1.50 to come back. Q. That is what you generally hire them for? A. Yes, sir. Q. And you keep a horse for that? A. Yes, sir. Q. And the time you were away from your place? A. Yes, sir. Q. Did you pay for this message? A. Yes, sir; I paid for it; Mr. Berg paid for it, and paid him. Q. Now, Capt. Bill, I want to ask you; I believe you say your horse was worth $1.50 going and $1.50 coming? A. Yes, sir."

The second ground upon which the motion for nonsuit was made is, that there was error in the admission of the foregoing testimony, and that if it was excluded, there would be no testimony to sustain the allegations of the complaint.

If testimony is incompetent and the presiding Judge allows it to remain in the record, the right to a nonsuit must be determined just as if it had been introduced without objection, and the rule is that "if testimony is received without objection, which would otherwise be incompetent, it becomes competent, and can not be disregarded upon a motion for nonsuit, but its sufficiency must be left to the jury." *Ashe* v. *Ry.*, 65 S. C., 134, 43 S. E., 393. And the foregoing testimony tended to show that the plaintiff had sustained actual damages.

But even if the two propositions upon which the defendant relied for a nonsuit are sound, nevertheless the non-

suit should have been refused. In the first place, an unreasonable delay in the delivery of the telegram raises a presumption of negligence on the part of the telegraph company. In this case, it should have been submitted to the jury to determine whether the delay was unreasonable.

In the second place, there was testimony tending to show that the plaintiff was entitled to punitive damages, in addition to the actual damages hereinbefore mentioned, as there was testimony tending to show that the attention of the agent was several times called to the fact that the telegram had not been delivered, and that he would take no notice of it.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE JONES *concurs in the result.*

MR. JUSTICE WOODS *concurring in the result.* I think the judgment of nonsuit should be set aside for reasons different from those stated in the opinion of Mr. Justice Gary. The main allegation of the complaint, with respect to damage for delay in the delivery of the telegram, is that the plaintiff was thereby "greatly distressed and worried." This allegation must be eliminated, because the telegram related to the employment of an attorney, distinctly a business matter, and worry and disappointment in business affairs do not fall under the mental anguish statute. *Capers* v. *Telegraph Co.,* 71 S. C., 29, 50 S. E., 537. The evidence admitted over defendant's objection that the plaintiff, when he received no reply to his dispatch to Mr. deLoach, had taken his horse from his field and driven six miles to procure the services of another attorney, cannot serve as an element of actual damages to warrant this Court in reversing an order of nonsuit. No

such damage was alleged in the complaint, and the evidence with respect thereto was clearly incompetent. It seems to me illogical for this Court to reverse a judgment of nonsuit on the ground that evidence objected to and incompetent tended to show that the plaintiff had some other cause of action than that which he undertook to state in his complaint.

There was, nevertheless, a good ground for sustaining the appeal from the order of nonsuit. By reason of the delay of the defendant's agent in delivering the telegram, the purpose of the plaintiff in using the defendant's wires as a means of communication was entirely defeated. Upon proof that the delay having this result was due to defendant's breach of its duty to use due diligence, the plaintiff was entitled to recover as actual damages the nominal amount paid the defendant for the service of prompt delivery, undertaken on plaintiff's behalf and not performed. The payment for this service was alleged in the complaint and testified to by the plaintiff. The nominal damage was sufficient to support a finding of punitive damages on proof that the delay was due to wilfulness or wantonness. *Arial* v. *Telegraph Co.,* 70 S. C., 418, 50 S. E., 6; *Doster* v. *Telegraph Co.,* 77 S. C., 56, 57 S. E., 671. There was evidence tending to show a wilful disregard of duty on the part of the agent of the defendant at Ridgeland, that evidence being that the agent held the telegram addressed to the plaintiff for twenty-four hours without effort to deliver, though twice reminded by an assistant of his duty to deliver.

MR. JUSTICE HYDRICK *concurs in this opinion.*