8125

WILHELM v. WESTERN UNION TEL. CO.

1. Telegraph Companies—Wilfulness.—An unexplained delay of eighteen hours in transmitting and delivering a telegram, requested to be rushed, affords a reasonable inference of conscious disregard of sender's rights and should carry the issue of punitive damages to the jury.

2. Ibid.—Ibid.—Where a telegram was not delivered in a reasonable time, and by reason of said delay failed of its purpose, the injured party is entitled to damages equal to the fee paid, and this is a sufficient basis for punitive damages.

3. Ibid.—Issues.—In the trial of an action for failure to deliver a telegram notifying a party of the trial of a case, it is error for the Judge to instruct the jury that the party should have lost the case, where there was a sharp conflict in the evidence, and on this ground direct a verdict.

Before Gage, J., Chesterfield, Spring term, 1911. Reversed.

Action by Louisa S. Wilhelm against Western Union Telegraph Company. Plaintiff appeals.

*Messrs. Stevenson & Matheson,* for appellant, cite: *Issue of punitive damages should have gone to the jury:* 70 S. C. 87; 69 S. C. 545; 57 S. C. 323; 62 S. C. 223; 65 S. C. 430; 43 L. R. A. 214; 35 S. C. 493; 54 S. C. 498; 25 Ency. 831; 65 S. C. 122; 64 S. C. 495; 66 S. C. 544; 57 S. C. 332; 3 Ency. P. & P. 835; 6 How. 379; 19 N. H. 337; 36 Kan.

246; 6 L. R. A. 844; 34 S. C. 311; 35 S. C. 475; 70 S. C. 418, 87. *Plaintiff suffered actual damages at least to amount of fee:* 86 S. C. 242; 70 S. C. 418; 77 S. C. 56; 72 S. C. 290, 516; 71 S. C. 386; 70 S. C. 83. *Failure to deliver in time to effect its purpose raises presumption of injury:* 74 S. C. 495; 70 S. C. 16; 72 S. C. 116; 77 S. C. 399; 83 S. C. 8.

*Messrs. Willcox & Willcox* and *Lucian W. McLemore,* contra, cite: *No evidence of wilfulness:* 79 S. C. 160; 73 S. C. 379; 77 S. C. 399; 65 S. C. 93; 84 S. C. 477. *Damages claimed are speculative and too remote:* 65 S. C. 490; 76 S. C. 345; Suth. on Dam., sec. 959; 89 Am. St. R. 584; 124 U. S. 444; 51 Pac. 376.

March 6, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff brought this action to recover actual and punitive damages for alleged negligent and wilful delay by defendant in the transmission and delivery of a telegram. The testimony introduced at the trial tended to prove the following facts and circumstances: Plaintiff was sued in the court of a justice of the peace at Monroe, N. C., by a firm of attorneys at law for a fee, which they alleged she owed them for professional services rendered in the preparation of a certain statement showing the cause and manner of her husband's death, which statement was asked for by the agent of a fraternal insurance order in which her husband was insured. It appears that these attorneys were familiar with the facts and circumstances connected with the death of her husband, because they had been employed to assist and did assist in the prosecution of the person who killed him. Therefore, it seems that the agent of the insurance order applied to them for the statement. They in turn applied to plaintiff to

know whether she wished them to prepare it.    At the trial
in the justice's court she and her sister, Miss Cora Steen,
testified that she refused to consent for them to do so, until
the attorney, who consulted her about the matter, assured
her that there would be no charge for it.    On the other
hand, the attorney testified that she agreed to pay $25 for
the preparation of the statement.    The justice found in
favor of Mrs. Wilhelm, and gave judgment accordingly.
The attorneys appealed to the Superior Court, where,
according to the practice in North Carolina, the case was
tried *de novo*.    About midday, on August 20, 1906, the
case was set for trial on August 21, 1906, and plaintiff's
father, who was looking after the matter for her, filed with
the defendant's agent at Monroe, at 2:25 p. m., a telegram
addressed to his daughter, Miss Cora Steen, at Middendorf,
S. C., where she was with the plaintiff, Mrs. Wilhelm, say-
ing: "Both come tonight.    Get B. to stay at night."    Plain-
tiff and her sister were expecting the message, and were
ready to go, and made inquiry of the agent at Middendorf
about it.    Middendorf is a small station on the Seaboard
Air Line Railway, about ninety miles from Monroe.    Plain-
tiff's residence was about 150 yards from the station, which
is a combined railroad and telegraph station, at which the
office is kept open until about 9 o'clock at night.    It does
not appear at what hour it opens in the morning, nor does
it appear at what hour the office at Monroe opens or closes,
nor whether there is direct connection between the two, or
an intermediate relay station.    It appears that plaintiff's
father informed defendant's agent at Monroe of the
importance of the message and the reasons thereof, and
asked him to rush transmission and delivery, which he
promised to do.    There were two trains upon which plain-
tiff and Miss Steen could have taken passage from Midden-
dorf, and reached Monroe in time for the trial.    One left
Middendorf about 8 o'clock p. m., August 20th, and the
other about 8 a. m., August 21st.    The message was not

. delivered until 9 a. m., on August 21st,—too late for them to get to Monroe in time for the trial. The same witnesses testified in the Superior Court as in the justice's court, except plaintiff and Miss Steen. The result of the trial was a judgment against plaintiff for $25 and costs. Plaintiff and Miss Steen both testified that, if the telegram had been delivered in time, they would have gone to Monroe, and have testified the same as they had done in the justice's court. The testimony which was taken in the trial in North Carolina was introduced in this case. The defendant offered no explanation of the delay in transmitting or delivering the message, except as it may be based upon and inferred from the testimony brought out of plaintiff's witnesses on cross-examination, that the office at Middendorf closes about 9 o'clock p. m.

At the close of all the testimony, defendant moved for the direction of a verdict on the grounds: 1. Because there was no allegation in the complaint that plaintiff and her sister would have gone to Monroe, if the telegram had been delivered in time; 2. The damages sued for are speculative; 3. No evidence to warrant punitive damages; 4. No evidence of damages resulting proximately from the alleged delay; 5. No allegation or evidence of actual damages; hence, no punitive damages can be recovered. The Court granted the motion on the ground that there was no evidence warranting a verdict for punitive damages; and on the ground that, under the testimony introduced, plaintiff ought to have lost her case in North Carolina, and, therefore, she should not in justice have any cause of action against the defendant.

The rule is well settled that delay in the transmission or delivery of a telegram raises a presumption of negligence, which casts upon the telegraph company the burden of explaining the delay; and that long and unexplained delay raises a presumption of wantonness. *Baker v. Tel. Co.,* 84 S. C. 477, 66 S. E. 182, and cases

cited.   In that case, the Court said that no hard and fast
rule could be adopted as to the duration of the time of delay
that would raise a presumption of wantonness, but that
each case must be decided according to the circumstances,
and a delay of between four and five hours was held insuffi-
cient to carry the issue of punitive damages to the jury, in
the absence of other circumstances tending to show wil-
fulness.   In this case, special notice was given to defendant
of the urgency and importance of the message, and the
agent promised that it should be rushed.   We think, under
these circumstances, the unexplained delay of more than
eighteen hours in transmitting and delivering the message
affords a reasonable inference of a conscious disregard of
plaintiff's rights.   It is true that a good part of this time
was not office hours at Middendorf.   But the Judge states
that the telegram showed that it was received at Midden-
dorf at 8:50 a. m. on August 21st.   Therefore, it is infer-
able that it was not sent from Monroe until the morning of
the 21st.   If for any reason it could not have been sent
from Monroe on the afternoon or evening of the 20th
before the office at Middendorf had closed for the night, the
sender should have been notified, so that he might take other
steps to communicate with his daughter.   The Court erred,
therefore, in directing the verdict on the issue of punitive
damages.

Passing the question as to whether the actual damages
alleged to have been sustained in the loss of her case in
North Carolina, as the result of the delay complained of,
are too remote and speculative to be recovered, it
appears that plaintiff paid the defendant the usual
fee for transmitting and delivering the message.
Her purpose in having the message sent was thwarted by
the delay.   She was, therefore, entitled to recover at least
nominal damages for the breach of defendant's duty to her,
as a member of the public, even if she suffered no other
actual damages than the loss of the fee paid, and such

nominal damages was a sufficient basis for the recovery of punitive damages for the wanton disregard of her rights. *Ariail* v. *Tel. Co.,* 70 S. C. 418, 50 S. E. 6; *Doster* v. *Tel. Co.,* 77 S. C. 56, 57 S. E. 671; *Gens* v. *Tel. Co.,* 86 S. C. 242, 68 S. E. 530.

As the Circuit Court did not rule upon the question, whether the damages sustained by the loss of her case were too speculative and remote, that question is not properly before this Court for consideration. But, if such damages may be recovered, as to which we express no opinion, the Circuit Judge invaded the province of the jury in holding that the plaintiff ought to have lost her case in the Superior Court in North Carolina. There was a sharp issue of fact in the testimony as to whether plaintiff agreed, expressly or impliedly, to pay the fee for which she was sued.

Judgment reversed.

MR. CHIEF JUSTICE GARY *and* JUSTICE WOODS *only participate in this opinion and concur.*