14466

COOK v. ATLANTIC COAST LINE R. CO.

(190 S. E., 923)

April, 1936.

*Messrs. Douglas McKay* and *E. H. Henderson*, for appellant,

*Messrs. Kearse & Kearse* and *B. D. Carter,* for respondent,

April 15, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The respondent herein brought suit against the appellant, Atlantic Coast Line Railroad Company, asking for actual and punitive damages because of alleged personal injuries received on or about August 9, 1935, in Barnwell County, when respondent leaped from an automobile in order to avoid being killed or seriously injured immediately prior to a collision between the automobile and the train of the appellant at a public crossing. The allegations of the complaint were denied by the appellant.

During the trial of the case the usual motions for nonsuit and for directed verdict were made by the appellant at the proper time, said motions being overruled. All issues were submitted to the jury and a verdict returned in favor of respondent for the sum of "Two Hundred Dollars punitive damages."

Immediately after publication of the verdict, counsel for appellant moved that the Court instruct the jury to find a verdict for the appellant *non obstante veredicto,* which motion was opposed by respondent and refused by the Court. From the refusal of this motion an appeal is taken upon the following exceptions:

"His Honor the Trial Judge erred in refusing to direct a verdict for the defendant, since the finding of the jury negatived and denied plaintiff's claim of negligence and for resulting actual damages, without which finding the verdict for punitive damages could not be supported.

"His Honor erred in failing to direct a verdict for the defendant, motion for which having been made before the jury was discharged and after a finding on its part that de-

fendant was free from negligence, which finding necessitated a direction by the Court in favor of the defendant."

Considerable confusion appears in the cases upon this question, as decided by this Court, as well as in other jurisdictions. The general rule is that a verdict for punitive damages alone will not stand, but actual damages must be found as a predicate for punitive damages.

The rule in this State appears to be: Where the pleadings allege and the evidence shows a conscious and willful violation, invasion, or infringement of a legal right, the law will presume damages sufficient to sustain an action, even though such damages may be only nominal and not capable of exact measurement; and in such case a verdict for punitive damages without the finding of actual damages will be sustained, since it will be presumed that such nominal damages incapable of admeasurement have been merged in the punitive damages. But where the actual damages sought are for traumatic injury, or injury to property, then in order to sustain a verdict for punitive damages, there must be actual damages capable of being measured in terms of dollars and cents—actual damages in some amount must be found independent of punitive damages.

This in nowise conflicts with suits against telegraph companies under what is ordinarily known as the "Mental Anguish Statute," although it is through quoting and citing from some of the cases where the mental anguish statute aided plaintiff that some of the confusion has arisen.

Exemplary damages do not and cannot exist as an independent cause of action, but such damages are mere incidents to the cause of action and can never constitute the basis thereof. If the injured party has no cause of action independent of a supposed right to recover exemplary damages, then he has no cause of action at all; consequently, there must be allegations of actual or nominal damages in the pleadings and a proof thereof in the trial of the cause in order to support a verdict for punitive damages alone.

The cases of *Doster v. Western Union Tel. Co.*, 77 S. C., 56, 57 S. E., 671; *Arial v. Western Union Tel. Co.*, 70 S. C., 418, 50 S. E., 6, 7; *Wilhelm v. Western Union Tel. Co.*, 90 S. C., 536, 73 S. E., 865; *Bethea v. Western Union Tel. Co.*, 97 S. C., 385, 81 S. E., 675; *Reaves v. Western Union Tel. Co.*, 110 S. C., 233, 96 S. E., 295; *Lott v. Western Union Tel. Co.*, 127 S. C., 238, 119 S. E., 870, and similar cases, permitted punitive damages alone to stand, but in all of these cases the legal rights of the plaintiff had been invaded or there was proof of nominal damages, and in practically all of these cases the plaintiff was aided by the mental anguish statute, now appearing as Section 8553, Code of Laws 1932. These cases against the Telegraph Company are in a class to themselves.

In the cases of *Fields v. Lancaster Cotton Mills*, 77 S. C., 546, 58 S. E., 608, 11 L. R. A. (N. S.), 822, 122 Am. St. Rep., 593; *Jones v. Atlantic C. L. R. Co.*, 108 S. C., 217, 94 S. E., 490; *Vlasservitch v. Augusta & A. Ry. Co.*, 85 S. C., 291, 67 S. E., 306, there was proven a conscious invasion of another's legal right, from which was implied nominal damages sufficient to support a verdict for punitive damages alone.

In every instance in which an award of exemplary damages alone was permitted to stand there has been involved the element of nominal or constructive damages growing out of the conscious invasion of violation of one's rights. Those cases, outside of the category of the *Telegraph Company cases*, demonstrated the limited applicability of the rule.

In the case of *Fields v. Lancaster Cotton Mills, supra,* the tortious act or the invasion of the plaintiff's rights was not denied, the only question at issue being whether or not the act was committed by the agents or servants of the defendant. The tortious act or invasion of plaintiff's rights was admitted in *Jones v. Atlantic C. L. R. Co., supra,* and in *Vlasservitch v. Augusta & A. Ry. Co., supra,* the only question was whether or not the invasion of plaintiff's rights was a conscious invasion upon the part of defendant. The case

of *Fitchette et al. v. Sumter Hardwood Co. et al.,* 145 S. C., 53, 142 S. E., 828, involved the writing of a letter containing statements "libelous *per se,*" the defendant pleading the truth of the statements and privilege. The Court held that actual damages were presumed to follow defamatory words which are actionable *per se* and need not be shown in order to justify a verdict for punitive damages, the other elements of libel being shown. This rule follows naturally from the very meaning of the terms "actionable *per se*" and "libelous *per se.*"

The allowance of exemplary damages without a finding by the jury of actual damages, is, of course, a departure from the general rule, and is only permitted when it is clearly shown that a legal right has been willfully or recklessly invaded, and that nominal actual damages were merged in the verdict for punitive damages.

In this case, involving bodily injuries, all issues were submitted to the jury. We know of no case or authority in this jurisdiction where the general rule has been departed from, where the damages sought were for traumatic injuries or for property damage. The finding of the jury for punitive damages alone expressly refutes a finding of the jury as to actual damages.

The jury having absolved the appellant of inflicting actual damages on respondent, then there is no legal liability upon which to predicate a verdict for punitive damages, and the trial Judge should have set the verdict aside and entered judgment for the appellant.

The case is remanded to the Circuit Court for entry of judgment in favor of appellant.

Reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate.