### 17392

Margaret M. MONROE, Respondent, v. BANKERS LIFE & CASUALTY COMPANY, Appellant.

(102 S. E. (2d) 207)

364

*Messrs. Williams & Henry,* of Greenville, and *O. L. Long,* of Laurens *for Appellant,*

*Messrs. Blackwell, Sullivan & Wilson,* of Laurens, *for Respondent,*

February 19, 1958.

TAYLOR, Associate Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Laurens County by respondent, Mar-

garet M. Monroe, against appellant, Bankers Life & Casualty Company, for the fraudulent breach, accompanied by fraudulent acts, of an agency agreement or contract.

The agreement, in writing, dated March 5, 1954, provided that respondent was to perform certain duties set forth therein as agent and as compensation therefor was to receive certain commissions in accordance with a schedule listed therein, which included one hundred per cent of the premiums on accident and health policies for the second month and further provided:

"* * * either party to this contract may terminate this contract without cause by giving either oral or written notice to that effect * * *"

Respondent in her complaint sets forth the contract heretofore referred to and alleges that its fraudulent termination was accompanied by fraudulent acts on the part of appellant, which resulted in her damage in the amount of $2,990, actual and punitive. Appellant by way of answer interposes a general denial and counterclaims, alleging that plaintiff knowingly and fraudulently took applications for insurance on the life of her nephew, an infant who was diseased, disabled and uninsurable and that she caused the policies issued on such applications to be made payable to her husband, who had no insurable interest in the child, which resulted in damage to appellant in the sum of $2,900. Timely motions were made by appellant for nonsuit and direction of verdict which were denied and the case submitted to the jury, which rendered the following verdict:

"We the jury find for the plaintiff the sum of no actual damages and Twenty-Eight Hundred and Ninety and no/cents punitive damages * * *"

Thereafter, appellant moved for judgment *n. o. v.* and failing in that for a new trial, and this was denied.

Respondent contended that her agency contract was cancelled by the local manager because she had by-passed his office in applying for and obtaining a leave of absence from

the District Manager and that it was done with the further intent and purpose of defrauding her of commissions due her as second month's premiums on accident and health policies for the months of March, April, May, and June of 1954.

In denying appellant's motion for judgment *n. o. v.,* the trial Judge stated:

"There was sufficient evidence from which a reasonable inference could be drawn that there was a reckless, willful and conscious invasion of the rights of the plaintiff by the termination of the contract by Mr. Cantrell for the sole purpose of depriving her of renewal premiums or to punish her for going over his head in requesting an additional leave of absence from Mr. Hurley, Regional Sales Manager."

In an action for breach of contract, the motives of the wrongdoer are not to be considered in arriving at the amount of damages; and the fact that such contract is breached with willful or fraudulent intent will not alter the settled rule that the wrongdoer is only liable for such damages as are the natural and proximate result of the wrongful act. The mere fact that a contract is breached does not carry with it the stigma of fraud, bad faith, malice or wantonness; and punitive damages may not be recovered for breach thereof unless the breach is accompanied by a fraudulent act as distinguished from a fraudulent intent. *Holland v. Spartanburg Herald-Journal Co.,* 166 S. C. 454, 165 S. E. 203, 84 A. L. R. 1336. Appellant was, therefore, within its rights in terminating the contract even if it was done, as contended by respondent, because the local agent had become displeased with her for the reason that she had by-passed him and obtained a leave of absence from the District Office Manager.

Respondent also contends that she is entitled to certain monies as commissions which were wrongfully and fraudulently withheld from her by appellant, and there is some testimony to this effect; but the jury found

affirmatively against this contention. There is no question but what Mr. Cantrell, the local manager, had the authority, on the part of appellant, to terminate the contract; and according to the terms of the contract itself, to terminate it at will, without cause, by giving either oral or written notice to that effect. This being true, it cannot reasonably be said that appellant by bringing about its termination breached its conditions fraudulently. *Ray v. Pilgrim Health & Life Insurance Company,* 206 S. C. 344, 34 S. E. (2d) 218. Further, it is well settled that:

"Exemplary damages do not and cannot exist as an independent cause of action, but such damages are mere incidents to the cause of action and can never constitute the basis thereof. If the injured party has no cause of action independent of a supposed right to recover exemplary damages, then he has no cause of action at all; consequently, there must be allegations of actual or nominal damages in the pleadings and a proof thereof in the trial of the cause in order to support a verdict for punitive damages alone." *Cook v. Atlantic Coast Line R. Co.,* 183 S. C. 279, 190 S. E. 923, 924.

In instant case, the jury found that respondent suffered no actual or nominal damages; therefore, the judgment and order appealed from must be reversed and set aside and judgment entered for appellant. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.