23314

Christopher DOWLING and Flor Maria Dowling, Appellants v. HOME BUYERS WARRANTY CORPORATION, II, a Colorado Corporation, Respondent.

(400 S.E. (2d) 143)

Supreme Court

*J. McCutchen Stuckey*, Mt. Pleasant, *for appellants.*

*W. Andrew Gowder, Jr.*, of *Wise and Cole*, Charleston, *for respondent.*

Submitted Nov. 27, 1990.

Decided Jan. 21, 1991.

GREGORY, Chief Justice:

This is an action to recover damages for a bad faith refusal to pay benefits. The trial judge granted respondent summary judgment. We reverse.

Appellants (the Dowlings) purchased a home built by Great Southern Builders of Charleston, Inc. (Builder) for $60,150. At the time of closing, the Dowlings and Builder signed an application to enroll the home in a warranty program as required in order to obtain Veteran's Administration financing. The warranty contract is with respondent (Home Buyers).

Soon after moving into their new home, the Dowlings discovered a severe problem with flooding during heavy rainfall. Investigation revealed their house was built 2.8 feet below the minimum required elevation. The Dowlings filed a claim with Home Buyers for the cost of rebuilding the home at the proper elevation. Home Buyers refused the claim on the ground the defect was not covered by the policy.

As provided in the policy, the parties submitted to arbitration which resulted in a finding against coverage. The Dowlings then commenced this suit to recover damages under the warranty contract and for bad faith refusal to pay benefits. On Home Buyers' motion for summary judgment, the trial judge denied summary judgment on the breach of contract cause of action and granted it on the bad faith cause of action.

An insured may recover damages for a bad faith denial of coverage if he or she proves there was no reasonable basis to support the insurer's decision to deny benefits under a mutually binding insurance contract. *Varnadore v. Nationwide Mut. Ins. Co.*, 289 S.C. 155, 345 S.E. (2d) 711 (1986); *Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 306 S.E. (2d) 616 (1983).

The contract in question here provides it is for "limited warranty and insurance coverage." The contract protects the consumers for defects in the specified home if the builder does not perform his warranty obligations. The consumers have certain obligations under the contract such as timely notice of defect and payment of a nonrefundable claim deductible.

Under Paragraph I. entitled, "What is Covered," the contract provides coverage for "defects in materials or workmanship." Paragraph VI. lists twelve exclusions for defects to which coverage does not apply. There is no exclusion for failure to build at the proper elevation. The contract further provides:

> The following Construction Quality Standards are standards that have been developed and accepted by the residential construction industry in general. While it is virtually impossible to develop a construction standard for each possible deficiency the construction industry and Home Buyers Warranty have attempted to isolate the most common deficiencies that occur and in so doing list the extent of Builder, Insurer and Homebuyer(s) responsibility. *Where a specific deficiency has not been isolated, the standard practice of the construction industry will apply.* (Emphasis added.)

The list of specific deficiencies does not include failure to build at the proper elevation.

There is no dispute regarding the fact the home was not built according to the standard practice of the construction industry regarding its elevation. Home Buyers' position in refusing the claim was that improper elevation was not specifically listed in the contract as a covered deficiency.

It is axiomatic summary judgment should not be granted unless there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. *Standard Fire Ins. Co. v. Marine Contracting and Towing Co.,* ___S.C. ___, 392 S.E. (2d) 460 (1990); *Tom Jenkins Realty, Inc. v. Hilton,* 278 S.C. 624, 300 S.E. (2d) 594 (1983). Even if there is no dispute regarding the facts, summary judgment should be denied if there is a dispute as to the conclusions to be drawn therefrom. *Gilliland v. Elmwood Properties,* ___ S.C. ___, 391 S.E. (2d) 577 (1990).

The facts presented indicate a dispute regarding whether Home Buyers had any reasonable basis for denying the Dowlings' claim in light of the catch-all language including deficiencies not otherwise specified in the contract and the fact this defect is not excluded under Paragraph VI. which purports to list all exclusions. We conclude the trial judge erred in granting summary judgment. The judgment of the circuit court is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.