23819

Christopher DOWLING and Flor Maria Dowling, Respondents v. HOME BUYERS WARRANTY CORPORATION, II, a Colorado Corporation, Appellant.

(428 S.E. (2d) 709)

Supreme Court

*Bruce E. Miller* and *Robert A. Patterson*, both of *Barnwell, Whaley, Patterson & Helms*, Charleston, *for appellant.*

*J. McCutchen Stuckey*, Mt. Pleasant, *for respondents.*

Heard Feb. 1, 1993.

Decided March 15, 1993.

HARWELL, Chief Justice:

A jury awarded Christopher and Flor Maria Dowling (Dowlings) actual damages for breach of contract and punitive damages for bad-faith refusal to settle an insurance claim against Home Buyers Warranty Corporation, II (HBW). HBW appeals the denial of several motions. We affirm in part, reverse in part, and remand.

## I. FACTS

In June 1987, the Dowlings bought a home in Charleston accompanied by an insurance-backed Home Buyers Warranty (Warranty) from HBW. In September 1987, heavy rainfall severely flooded the Dowlings' lot, causing water to rise to within inches of their home. In more recent years, water has actually entered the structure during periods of extensive rain.

Shortly after the initial flood, the Dowlings learned that their home was built only 9.92 feet above sea level in violation of F.E.M.A. regulations which require a minimum elevation of 12 feet. On September 16, 1987, the Dowlings, through their attorney, notified HBW and the builder of the defect and requested that it be corrected. HBW advised the Dowlings that it would act only if the builder were "unable or unwilling to remedy a defect that is covered by our warranty," and asked that the builder be given thirty to sixty days to respond. On January 26, 1988, having received no response from the builder, the Dowlings filed a complaint with HBW as required by the Warranty. HBW responded that the problem was not covered by the Warranty and advised the Dowlings that they could elect to arbitrate the coverage dispute as provided in the Warranty. The Dowlings agreed to participate in nonbinding arbitration.

An arbitration hearing was held at the Dowlings' home on May 2, 1988, during which the builder conceded that the home was not properly elevated. On May 12, the arbitrator found the home "uninhabitable and unmarketable," but concluded that the builder was not responsible and, therefore, awarded nothing to the Dowlings. The Dowlings rejected the arbitrator's decision on May 17 and notified HBW that they would file suit if the award were not reversed within 15 days. On November 3, the Dowlings forwarded a proposed Complaint to HBW and encouraged further negotiations to settle the dispute and avoid litigation. When HBW did not respond, the Dowlings filed suit, alleging breach of contract and bad-faith refusal to settle an insurance claim.

HBW moved for and was granted summary judgment on the bad-faith cause of action. The Dowlings appealed and we reversed, holding that the facts presented a dispute regarding the existence of a reasonable basis for denying the Dowlings' claim. *Dowling v. Home Buyers Warranty Corporation, II,* 303 S.C. 295, 400 S.E. (2d) 143 (1991). On remand, a jury awarded the Dowlings actual damages of $60,150.00 for breach of contract and $100,000.00 for punitive damages for bad-faith refusal to pay an insurance claim. Actual damages were not awarded on the bad-faith cause of action. HBW appealed.

## II. DISCUSSION

As a threshold matter, HBW contends that the Dowlings' suit is barred by binding arbitration because the Dowlings failed to vacate the award in accordance with the Federal Arbitration Act, 9 U.S.C. § 12 (1987). We disagree.

The Federal Arbitration Act recognizes that arbitration is strictly a matter of contract and that the parties to an arbitration agreement are at liberty to choose the terms under which they will arbitrate. *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 479, 109 S.Ct. 1248, 1255, 103 L.Ed. (2d) 488, 500 (1989). The core issue in determining the finality of an award is whether the parties agreed to arbitration as a binding process, one that would bar litigation, or whether the agreement to arbitrate was simply a dispute settlement process that was a condition precedent to litigation. *Rainwater v. National Home Ins. Co.*, 944 F. (2d) 190, 192 (4th Cir. 1991).

Here, the Arbitration Acknowledgement and correspondence from Construction Arbitration Associates, Ltd. stated that the Dowlings would not be bound by the arbitrator's decision. We find that the parties did not agree to arbitration as a binding process and, therefore, dismiss HBW's claim that arbitration bars this action as being without merit.

There being no other exception with regard to the award of actual damages for breach of contract, we affirm the verdict of $60,150.00 on that cause of action

HBW next contends that the award of punitive damages on the bad-faith cause of action must be reversed because the jury did not find actual damages. We agree.

Punitive damages may be awarded only upon a finding of actual damages. *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E. (2d) 350 (1991). The trial judge gave a prepared verdict form to the jury that allowed separate entries of actual damages on both causes of action and punitive damages on the bad-faith cause of action. Further, the trial judge instructed the jury that they should not be concerned with awarding damages twice because he would reform the verdict to prevent double recovery, if necessary. The jury returned its verdict with a slash drawn through the space where it

could have awarded actual damages on the bad-faith cause of action. We interpret that action, in light of the instructions given by the trial judge, as indication that the jury found no actual damages on the bad-faith cause of action. Therefore, we reverse the award of punitive damages and remand the case for entry of judgment in accordance with this opinion.

Our holding makes it unnecessary for us to consider HBW's remaining assertions.

Affirmed in part, reversed in part, and remanded.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.