520 S.E.2d 623

**Ralph M. "Mike" McGEE, as Personal Representative of the Estate of Donna L. McGee, Appellant,**

v.

**BRUCE HOSPITAL SYSTEM, Palmer M. Kirkpatrick, Jr., M.D., Alan Blaker, M.D., Reginald S. Bolick, M.D., and Joseph M. Pearson, M.D., both individually and Pee Dee Surgical Group, P.A., and Margaret E. Lee, M.D., individually and d/b/a Pee Dee Radiology Group, Defendants,**

**of whom Alan Blaker, M.D., is the Respondent.**

**No. 3026.**

Court of Appeals of South Carolina.

Heard March 9, 1999.

Denied July 19, 1999.

Rehearing Denied Oct. 9, 1999.

David W. Goldman, Diane M. Rodriquez and Terrell T. Horne, all of Bryan, Bahnmuller, Goldman & McElveen, of Sumter, for appellant.

Charles E. Carpenter, Jr., and S. Elizabeth Brosnan, both of Richardson, Plowden, Carpenter & Robinson, of Columbia; and David A. Brown, of Aiken, for respondent.

STILWELL, Judge:

In this medical malpractice case, Donna L. McGee's personal representative appeals the trial court ruling that a satisfaction of judgment against Joseph M. Pearson, M.D. barred an action seeking additional punitive damages from Alan Blaker, M.D. We affirm.

## FACTS

Donna McGee admitted herself to Bruce Hospital for treatment of solitary rectal ulcer syndrome. She died after complications developed with her intravenous feeding lines. Donna's husband and personal representative, Mike McGee (McGee), filed a wrongful death and survival suit.

At the first trial, the trial court dismissed McGee's case against Dr. Blaker on a directed verdict motion for failure to provide expert testimony on the proper standard of care and failure to establish Dr. Blaker violated that standard. *McGee v. Bruce Hosp. Sys.*, 321 S.C. 340, 468 S.E.2d 633 (1996).[1] The jury returned a verdict against Dr. Pearson and awarded

---

1. For a more complete recitation of the tragic facts leading to this case, see *McGee,* 321 S.C. at 342–44, 468 S.E.2d at 635–36.

McGee $500,000 in actual damages and $1,000,000 in punitive damages in the wrongful death cause of action and $500,000 in actual damages and $2,000,000 punitive damages in the survival cause of action. *Id.* at 344, 468 S.E.2d at 636.

On appeal, the supreme court affirmed the verdict against Dr. Pearson but reversed the directed verdict against Dr. Blaker and remanded for further proceedings. *Id.* at 348, 468 S.E.2d at 638. Before the re-trial against Dr. Blaker, Dr. Pearson paid the verdict amount in full and McGee executed a satisfaction of judgment against Dr. Pearson and the Pee Dee Surgical Group. Dr. Blaker then amended his answer and alleged McGee's claim should be dismissed because the judgment was satisfied.

On re-trial against Dr. Blaker alone, the trial court bifurcated closing arguments for liability and damages. The jury failed to reach a verdict on liability and the trial court granted a mistrial. Dr. Blaker then moved for a directed verdict and the trial court granted the motion.

## DISCUSSION

■ McGee concedes that he has been compensated for all actual damages. He contends, however, that the trial court erred in holding the satisfaction of judgment against Dr. Pearson, which included both actual and punitive damages, barred McGee from pursuing additional punitive damages against Dr. Blaker. We disagree.

■ The established rule in South Carolina has long been that to sustain a verdict for punitive damages there must be an award of actual damages. *Cook v. Atlantic Coast Line R. Co.*, 183 S.C. 279, 190 S.E. 923 (1937); *see Dowling v. Home Buyers Warranty Corp.*, 311 S.C. 233, 236, 428 S.E.2d 709, 711 (1993) (Punitive damages may be awarded only upon a finding of actual damages.).

Because it is conceded that McGee has received all actual damages to which he is entitled and the issue of actual damages cannot be submitted to the jury, there is no legal liability upon which to predicate a verdict for punitive damages. The trial court, therefore, was correct in directing a verdict for Dr. Blaker.

This conclusion accords with the "almost universally held [principle] that there can be only one satisfaction for an injury or wrong." *Truesdale v. South Carolina Highway Dep't*, 264 S.C. 221, 235, 213 S.E.2d 740, 746 (1975) (discussing settlement set-offs), *overruled on other grounds by McCall v. Batson*, 285 S.C. 243, 247, 329 S.E.2d 741, 743 (1985) (expressly abolishing the doctrine of sovereign immunity); *see also Atlantic Coast Line R.R. Co. v. Whetstone*, 243 S.C. 61, 67, 132 S.E.2d 172, 174 (1963) (holding that recovering against one tortfeasor precludes bringing an action against a joint tortfeasor); *Garner v. Wyeth Lab., Inc.*, 585 F.Supp. 189, 195 (D.S.C.1984) (prohibiting a plaintiff from suing a second defendant where a previous judgment against a first defendant was satisfied and holding that "[a] lawsuit for punitive damages only may not proceed once the cause of action for actual damages has been extinguished, actual damages being necessary to support punitive damages.").

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.