522 S.E.2d 816

**Annie D. BROWN, as Personal Representative of the Estate of James Mitchell Brown, Jr., Appellant,**

v.

**Monnieque SINGLETON, M.D., Respondent.**

**No. 3032.**

Court of Appeals of South Carolina.

Heard June 9, 1999.

Decided Aug. 9, 1999.

Deena Smith McRackan, of Charleston, for appellant.

Charles E. Carpenter, Jr., and S. Elizabeth Brosnan, both of Richardson, Plowden, Carpenter & Robinson, of Columbia; and David A. Brown, of Aiken, for respondent.

HUFF, Judge.

Annie D. Brown, as Personal Representative of the Estate of James Mitchell Brown, Jr., brought wrongful death and survival actions against Dr. Monnieque Singleton. The trial court granted Dr. Singleton summary judgment, ruling Brown's satisfaction in full of a Rhode Island judgment precluded her from prosecuting any further action. Brown appeals. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In March of 1993, James Brown sought treatment from Dr. Singleton for symptoms that included an itch and rash. Dr. Singleton diagnosed James as suffering from an allergic reaction. James informed Dr. Singleton that he was allergic to shrimp and cashews. Dr. Singleton advised James to avoid these foods, and treated his existing allergic symptoms.

That fall, James attended Johnson & Wales University in Warwick, Rhode Island. On October 19, 1993, while dining in one of the school's facilities, James unknowingly ingested shrimp in an eggroll, which he believed to be a vegetable eggroll. James died as a result of an anaphylactic reaction to the shrimp he had ingested.

Brown, as the administrator of James's estate, brought an action in the United States District Court for the District of Rhode Island against Johnson & Wales under Rhode Island's statutes for Death by Wrongful Act, R.I. Gen. Laws, § 10-7-1, et. seq., seeking pecuniary damages, as well as damages for pain and suffering. A jury awarded Brown $434,020.00 in damages. Johnson & Wales paid Brown the full verdict amount plus interest and costs.

After the conclusion of the Rhode Island trial, Brown commenced the present action against Dr. Singleton. Dr. Singleton filed a motion for summary judgment arguing, because of the satisfaction of the judgment against Johnson & Wales, Brown was foreclosed from re-litigating any issues relevant to damages. In response, Brown argued the Rhode Island judgment should be treated as a release or a covenant not to sue, which would not preclude her from bringing an action against a second tortfeasor. She also asserted that punitive damages were not authorized by the Rhode Island statute and all of the damages awarded by the jury were actual damages. She thus argued she had not had the opportunity to litigate punitive damages against Dr. Singleton.

The trial judge granted the motion for summary judgment. He held the fact that Rhode Island does not permit the recovery of punitive damages cannot be a basis for proceeding in South Carolina where the actual damages have been fully litigated in Rhode Island and the judgment has been satisfied in full. He found punitive damages do not exist as an inde-

pendent cause of action and there must be proof of actual or nominal damages to support a verdict of punitive damages. The trial judge further noted, because Johnson & Wales maintains an office and conducts business in Charleston, Brown could have brought both actions in South Carolina. The court concluded Brown "had a full and fair opportunity to litigate the issue of damages for both wrongful death and the survival action ... and that Judgment has been satisfied in full." He therefore found Brown was precluded from re-litigating any issues relevant to damages.

## LAW/ANALYSIS

■ Brown first contends the trial judge erred in refusing to allow her to litigate the issue of actual damages against Dr. Singleton. She argues, under South Carolina law, she is not precluded from bringing an action against one tortfeasor merely because another tortfeasor has obtained either a covenant not to sue or a release. She contends, under the Restatement (Second) of Torts § 886 (1979), the discharge of a judgment against one of several tortfeasors, each of whom is liable for a single harm, is treated like a release or covenant not to sue. She argues, therefore, the judgment against Johnson & Wales should be treated like a release or covenant not to sue, and she should be allowed to proceed against Dr. Singleton for actual damages. We disagree.

■ The law in South Carolina is clear that there can be but one satisfaction for an injury or wrong. *See Garner v. Wyeth Laboratories, Inc.*, 585 F.Supp. 189, 192 (D.S.C.1984) ("[a] plaintiff may have but one satisfaction for a wrong done"); *Truesdale v. South Carolina Highway Dep't.*, 264 S.C. 221, 235, 213 S.E.2d 740, 746 (1975), *overruled on other grounds by McCall by Andrews v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985) ("it is almost universally held that there can be only one satisfaction for an injury or wrong"); *Atlantic Coast Line Railroad Company v. Whetstone*, 243 S.C. 61, 67, 132 S.E.2d 172, 174 (1963) ("when only one joint tort-feasor is sued, recovery against such precludes the injured person from thereafter bringing an action against the other tort-feasor").

In *Garner, supra,* the U.S. District Court for the District of South Carolina, applying South Carolina law, determined the

satisfaction of a judgment against one tortfeasor extinguished· the plaintiff's cause of action against a second tortfeasor. There, the court rejected the Restatement (Second) of Torts § 886 (1979) which provides, "The discharge of a judgment against one of several tortfeasors each of whom is liable for a single harm is treated like a release or a covenant not to sue given to one of several tortfeasors for a claim not reduced to judgment." *Garner* at 191. We agree with the district court that § 886 of the Restatement is not consistent with South Carolina law, which holds there may be only one satisfaction for an injury. We find further support for rejecting the proposition set forth in § 886 of the Restatement in S .C.Code Ann. § 15–38–40(E) (Supp.1998) which provides in part,"The recovery of a judgment for an injury or wrongful death against one tortfeasor does not of itself discharge the other tortfeasors from liability for the injury or wrongful death *unless the judgment is satisfied.*" (Emphasis added). Here, the Rhode Island judgment for James' wrongful death was satisfied.

■ Brown also asserts, because South Carolina law allows recovery for damages not allowed under Rhode Island's wrongful death statutes, she should have the right to litigate those damages. She argues the different elements of damages allowed by the states would likely result in the issue of damages being determined differently. Our review of the record reveals Brown did not raise this specific argument to the trial court, and therefore, it is not preserved for appellate review. Even if we were to accept Brown's assertion that, by presenting § 886 of the Restatement and elements of the Rhode Island and South Carolina statute to the trial court, she sufficiently raised the issue to the trial judge, the trial court clearly never ruled on the issue and Brown failed to file a motion to alter or amend. Accordingly, the issue is not preserved for appellate review. *See Wilder Corporation v. Wilke*, 330 S.C. 71, 497 S.E.2d 731 (1998) (an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review); *Noisette v. Ismail*, 304 S.C. 56, 403 S.E.2d 122 (1991) (issue was not preserved for appellate review where the trial court did not explicitly rule on the appellant's argu-

ment and the appellant made no Rule 59(e), SCRCP, motion to alter or amend the judgment).

The allegedly tortious conduct of Dr. Singleton and Johnson & Wales culminated in the indivisible injury of James's death. The damages arising from this indivisible injury have been fully and fairly adjudicated in Rhode Island and reduced to a judgment, which has been fully satisfied. This satisfaction of judgment extinguished Brown's cause of action against Dr. Singleton for actual damages.

■ Brown next argues she should be allowed to litigate the issue of punitive damages against Dr. Singleton independently of the actual damages. We disagree.

■ Exemplary damages or punitive damages generally are not recoverable in the absence of proof of actual damages. *Limehouse v. Southern Ry. Co.,* 216 S.C. 424, 58 S.E.2d 685 (1950). "Punitive damages may be awarded only upon a finding of actual damages." *Dowling v. Home Buyers Warranty Corp., II,* 311 S.C. 233, 236, 428 S.E.2d 709, 711 (1993). "A lawsuit for punitive damages only may not proceed once the cause of action for actual damages has been extinguished, actual damages being necessary to support punitive damages." *Garner* at 195. *See also McGee v. Bruce Hospital System,* 336 S.C. 410, 520 S.E.2d 623 (1999) (where plaintiff received all actual damages to which he was entitled and issue of actual damages could not be submitted to jury, there existed no legal liability upon which to predicate verdict for punitive damages). Because Brown's cause of action against Dr. Singleton was extinguished by satisfaction of the Rhode Island judgment, she is precluded from recovering actual damages against Dr. Singleton. Having no actual damages to support any punitive award, she is also precluded from maintaining an action for punitive damages. We further find that full payment of the Rhode Island judgment, even if less than a verdict which might include punitive damages, extinguishes any greater claim, since it has been adjudicated in court that the amount paid in the Rhode Island judgment was the full equivalent of the plaintiff's loss.

For the foregoing reasons, the order below is **AFFIRMED.**

HOWELL, C.J., and HOWARD, J., concur.