545 S.E.2d 286

**Ralph M. "Mike" McGEE, as Personal Representative of the Estate of Donna L. McGee, Petitioner,**

**v.**

**BRUCE HOSPITAL SYSTEM, Palmer M. Kirkpatrick, Jr., M.D., Alan Blaker, M.D., Reginald S. Bolick, M.D., and Joseph M. Pearson, M.D., both individually and Pee Dee Surgical Group, P.A., and Margaret E. Lee, M.D., individually and d/b/a Pee Dee Radiology Group,**

**of whom, Alan Blaker, M.D., is the Defendants, Respondent.**

No. 25279.

Supreme Court of South Carolina.

Heard Feb. 8, 2001.

Decided April 9, 2001.

Rehearing Denied May 14, 2001.

468

David W. Goldman, Diane M. Rodriguez, Terrell T. Horne, and Kristi F. Curtis, of Bryan, Bahnmuller, Goldman & McElveen, L.L.P., of Sumter, for petitioner.

Charles E. Carpenter, Jr., and S. Elizabeth Brosnan, of Richardson, Plowden, Carpenter & Robinson, P.A., of Columbia; and David A. Brown, of Aiken, for respondent.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

MOORE, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision that affirmed the grant of a motion for a directed verdict. *McGee v. Bruce Hosp. Sys.*, 336 S.C. 410, 520 S.E.2d 623 (Ct.App.1999). We reverse.

## FACTS

McGee admitted herself to the hospital for treatment of solitary rectal ulcer syndrome. She died after complications developed from the improper placement of a central venous catheter. The autopsy revealed that there was an extensive contusion of the pericardium and myocardium with lacerations of the right atrium of the heart. The contusion was caused by

Dr. Joseph M. Pearson's improper placement of the catheter into McGee. The autopsy further revealed there were two puncture sites involving the liver with perforation into a large hepatic vein caused by respondent. As a result, petitioner filed a wrongful death and survival suit against Dr. Pearson, respondent, and others.

At the first trial, the trial court dismissed petitioner's case against respondent on a directed verdict motion. The jury returned a verdict against Dr. Pearson.[1] This Court affirmed the verdict against Dr. Pearson, but reversed the trial court's grant of respondent's directed verdict motion and remanded for further proceedings. *McGee v. Bruce Hosp. Sys.,* 321 S.C. 340, 468 S.E.2d 633 (1996).

Before the trial of respondent, Dr. Pearson paid the verdict amount in full with interest. Petitioner executed a satisfaction of judgment against Dr. Pearson and the Pee Dee Surgical Group. Respondent then amended his answer and alleged petitioner's claim should be dismissed because the judgment was satisfied.

The trial court refused to dismiss petitioner's claim, and stated the previous award of punitive damages against Dr. Pearson should not bar a recovery of punitive damages against respondent. The court further noted that whether respondent acted recklessly, wilfully, or wantonly was not determined in the first trial. The court concluded that while petitioner could not recover actual damages against respondent, petitioner could attempt to recover punitive damages.

During respondent's trial, the trial court bifurcated the closing arguments for liability and damages. The jury failed to reach a verdict on liability and the trial court granted a mistrial. Respondent then moved for a directed verdict and the trial court reversed its earlier opinion and granted the motion, stating that petitioner was entitled to only one satisfaction in a matter in which indivisible damages are alleged to be the result of the acts or omissions of one or more tortfeasors.

---

1. The jury awarded McGee $500,000 in actual damages and $1,000,000 in punitive damages in the wrongful death action and $500,000 in actual damages and $2,000,000 in punitive damages in the survival cause of action.

Petitioner appealed to the Court of Appeals, which affirmed the decision of the trial court. The Court of Appeals stated that, because petitioner conceded he had received all actual damages to which he was entitled and the issue of actual damages cannot be submitted to the jury, there was no legal liability upon which to predicate a verdict for punitive damages. The court further noted that this conclusion is in accord with the principle that there can be only one satisfaction for an injury or a wrong. *McGee v. Bruce Hosp. Sys.*, 336 S.C. 410, 520 S.E.2d 623.

## ISSUE

May petitioner seek punitive damages against respondent following the satisfaction of a judgment against Dr. Joseph M. Pearson?

## DISCUSSION

When addressing a similar issue, the United States District Court for the District of South Carolina found that a plaintiff could not bring another action against a second defendant where a previous judgment in an earlier action against a first defendant had been satisfied. *Garner v. Wyeth Labs., Inc.*, 585 F.Supp. 189 (D.S.C.1984). The *Garner* Court further noted that a lawsuit seeking only punitive damages cannot proceed once the cause of action for actual damages has been extinguished. *Id.* at 195. The Court of Appeals relied on *Garner* to support its finding that petitioner could not seek punitive damages against respondent. However, the *Garner* Court inaccurately surmised the law of South Carolina.

The rule in South Carolina is that there must be an award of actual or nominal damages for a verdict of punitive damages to be supported. *See Cook v. Atlantic Coast Line R.R. Co.*, 183 S.C. 279, 190 S.E. 923 (1937). This rule is premised on the fact that liability must be established before a plaintiff can seek punitive damages. *See Sanchez v. Clayton*, 117 N.M. 761, 877 P.2d 567 (1994) (an award for punitive damages must be supported by an established cause of action).

We believe the New Mexico Supreme Court in *San-chez v. Clayton, supra,* provides the proper analysis in this matter. In *Sanchez,* the court stated the following:

Whether the prior judgment for compensatory damages may have been paid in full is not determinative in deciding that punitive damages may be awarded against Defendants. All the law requires is that "[t]he conduct giving rise to the punitive damages claim must be the same conduct for which actual or compensatory . . . damages were allowed."

*Sanchez,* 877 P.2d at 574 (citation omitted). The *Sanchez* Court noted that the "most reasonable interpretation of the supposed actual damages requirement is that it is really a defective formulation of an entirely different idea—that the plaintiff must establish a cause of action before punitive damages can be awarded." *Id.* at 573 (citation omitted). The *Sanchez* Court also specifically noted that "even after compensatory damages have been fully satisfied by the settlement of a judgment, a plaintiff seeking punitive damages against a joint tortfeasor may bring suit to recover those damages in a separate action after dismissal of that joint tortfeasor from the original suit has been reversed on appeal." *Id.*

As a result, we believe the Court of Appeals incorrectly stated that since the issue of actual damages could not be submitted to the jury, there was no legal liability upon which to predicate a verdict for punitive damages. To the contrary, under the reasoning of our law and *Sanchez v. Clayton, supra,* the issue of respondent's liability can be submitted to the jury and if the jury determines respondent is liable, the jury can then decide whether punitive damages against respondent are warranted.

Petitioner should be placed in the position he would have been in had the trial court in the first action not erroneously granted a directed verdict for respondent. Had the first action proceeded properly, the jury could have awarded petitioner punitive damages against Dr. Pearson and respondent.

While "it is almost universally held that there can be only one satisfaction for an injury or wrong," [2] allowing peti-

2. *Truesdale v. South Carolina Highway Dep't,* 264 S.C. 221, 235, 213 S.E.2d 740, 746 (1975), *overruled in part on other grounds, McCall by*

tioner to seek punitive damages against respondent will not result in petitioner having a double recovery. Although Dr. Pearson has paid the punitive damages levied against him, those punitive damages do not reflect the amount of punitive damages for which a jury may find that respondent is responsible.[3] In this case, a jury has yet to have the opportunity to determine whether respondent's conduct was willful, wanton, or in reckless disregard of petitioner's rights. *See Taylor v. Medenica*, 324 S.C. 200, 479 S.E.2d 35 (1996) (in order for a plaintiff to recover punitive damages, there must be evidence the defendant's conduct was willful, wanton, or in reckless disregard of the plaintiff's rights). Petitioner should not be denied the opportunity to have a jury determine whether respondent is liable for punitive damages.

We remand this case to the trial court with instructions that petitioner be allowed to proceed with his action against respondent for the sole purpose of determining whether petitioner is entitled to punitive damages. To recover punitive damages, petitioner must first prove, on remand, that respondent, through his conduct, committed acts making him liable to petitioner for compensatory damages. The jury also has to determine whether respondent acted wilfully, wantonly, or in reckless disregard of McGee's rights in order to support an award of punitive damages. At the conclusion of the trial, if the jury has found respondent liable for actual and punitive damages, then the trial court will strike the award of actual damages given the fact that petitioner's actual damages have already been satisfied by Dr. Pearson. If punitive damages are found, the trial court will then determine any motion concerning punitive damages according to *Gamble v. Steven-*

*Andrews v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985). *See also Garner v. Wyeth Labs., Inc., supra* ("A plaintiff may have but one satisfaction for a wrong done.").

3. *See, e.g., Beerman v. Toro Mfg. Corp.*, 1 Haw.App. 111, 615 P.2d 749, 755 (1980) ("Punitive damages awarded against one tortfeasor do not constitute double recovery with respect to a judgment against another tortfeasor since the purpose of punitive awards is to punish a particular offender rather than to compensate the victim for its injury." (citations omitted)); *Sanchez v. Clayton*, 877 P.2d at 572 (punitive damages against two or more defendants must be separately determined).

*son,* 305 S.C. 104, 406 S.E.2d 350 (1991).[4]

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

4. To the extent *Brown v. Singleton,* 337 S.C. 74, 522 S.E.2d 816 (Ct.App.1999), is inconsistent with this opinion, it is overruled.