THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Frank R. Sennewald, Respondent,
 v.
 Tiger Aviation, Inc., Peter Tremblay and Roger Larsen, Defendants,
 of whom Roger Larsen is the Appellant.
 
 
 

Appeal From Aiken County
 Rodney A. Peeples, Circuit Court Judge
 James L. Verenes, Special Referee
Unpublished Opinion No. 2005-UP-205
Submitted March 1, 2005  Filed March 18, 2005    

APPEAL DISMISSED

 
 
 
 Roger Larsen, of St. George, Utah and Sacramento, California, 
 pro se, for Appellant.
 Bradley A. Brodie, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Roger Larsen appeals the special referees order awarding Frank R. Sennewald a judgment jointly and severally against Tiger Aviation, Inc., Peter Tremblay, and Larsen.  We dismiss the appeal as moot.
On September 2, 2004, Sennewalds attorney filed a Satisfaction of Judgment with the Aiken County Clerk of Court in Satisfaction Book Number 24 at page 307.  The document stated, in pertinent part:

 FOR AND IN CONSIDERATION of payment, the receipt and sufficiency of which is herewith acknowledged, I, the undersigned attorney and agent of record for the Plaintiff, herewith declare the judgment in the above-entitled action to be paid and satisfied and do hereby further request the Clerk of Court to mark said judgment satisfied of record in the said Clerks Office, and discharge the same completely.

On February 11, 2005, this court granted the motion to be relieved as counsel filed by Larsens appellate counsel.  We informed Larsen of this fact by letter, and explained that he would be given two weeks to advise this court of the name of his new counsel or he would be noted as proceeding pro se on appeal.  Larsen failed to respond to this correspondence.
We dismiss the appeal pursuant to Rule 220(b)(2), SCACR, and the following authorities:  Sloan v. Greenville County, 361 S.C. 568, 572, 606 S.E.2d 464, 466-67 (2004) (An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy . . . . A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy . . . . This is true when some event occurs making it impossible for the reviewing Court to grant effectual relief.); McGee v. Bruce Hosp. Sys., 344 S.C. 466, 470, 545 S.E.2d 286, 288 (2001) ([T]here can be only one satisfaction for an injury or wrong.).
APPEAL DISMISSED.
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.