## 16863

ODOM v. WEATHERSBEE *ET AL.*
(81 S. E. (2d) 788)

*Messrs. Henderson, Salley* and *Cushman,* of Aiken, *for Appellants,*

*Messrs. Williams & Busbee,* of Aiken, *for Respondents,*

May 4, 1954.

GRENEKER, Acting Associate Justice.

The respondent, plaintiff below, brought this action against B. E. Weathersbee, d/b/a Weathersbee's Valley Taxi, Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Company and Pope Cook to recover damages for personal injury resulting from a collision between a truck owned and operated by Pope Cook and a taxi owned and operated by the defendant B. E. Weathersbee, in which the plaintiff was riding as a fare-paying passenger on the fifteenth day of February, 1949. The Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Company was made a party-defendant by reason of the fact that it had issued its liability policy to the defendant Weathersbee, which policy had been

filed as required by law, in order for the defendant Weathersbee to engage in the taxi business.

The matter came on for trial before the Honorable James M. Brailsford, Jr. and a jury at Aiken on November 12, 1952 and resulted in a verdict in favor of the plaintiff against the defendant B. E. Weathersbee and the defendant insurance company in the sum of four thousand eight hundred ninety dollars. The defendant Pope Cook was exonerated by the verdict of the jury.

A motion was made for a directed verdict in favor of the appellants. This motion, as well as motions for a new trial and for a directed verdict *non obstante veredicto,* were all overruled by the presiding judge. Appellants now come to this Court upon three exceptions, by which exceptions the following questions are presented for determination:

"1. Should the motions of the appellants made both at the close of the taking of the testimony and again after the verdict was rendered as a motion *non obstante veredicto,* on the ground that the evidence is susceptible of no other conclusion than that the driver of the taxi was not guilty of actionable negligence, have been granted?

"2. Should the motion for a new trial have been granted?"

In reviewing the record, looking for a proper determination of the questions raised by the appellants, it must be kept in mind that on motions for a directed verdict the evidence must be viewed in the light most favorable to the plaintiff and that the plaintiff, who was a paid passenger, was entitled to the highest degree of care by his carrier. These principles have been so often announced by this Court that citation of authority is hardly necessary.

The collision of the taxi, owned by defendant Weathersbee, in which the plaintiff was a passenger, and the truck owned and operated by the defendant Pope Cook, occurred on Richland Avenue in the City of Aiken. This avenue is also a portion of Highway Number One, which passes through the city. The evidence indicates that both the taxi and the

truck, which was preceding the taxi, were going east on Richland Avenue, which is a four-lane paved highway, in the center of which is a parkway, so that there are two lanes for eastbound traffic and two lanes for westbound traffic separated by the parkway.

The defendant Pope Cook, the truck driver, contended that he, at all times prior to the accident, was in or partly in the left-hand lane going east, while the taxi driver contended that the truck was in the right-hand lane until it was suddenly pulled to the left directly across the path of the taxi. The taxi driver contended that he was at all times in the left-hand lane going east.

Cook, the truck driver, testified that he was driving "either twenty or twenty-five." Lewis, the taxi driver, testified that the truck was going approximately fifteen miles an hour and that the taxi was going about the same speed and the taxi attempted to pass the truck. The transcript discloses the following excerpts from the testimony by the plaintiff:

"Direct Examination

"Q. When you got there before the stop sign what did the taxi do, slow down? A. It stepped up to go around the truck.

"Q. Did he give any warning of any kind? A. I didn't see any.

"Q. Did you hear any? A. I didn't hear any.

"Q. The truck was turning in, to park? A. It turned in to park.

"Q. The taxi run into the truck when he turned to park? A. Yes, sir."

Cross Examination.

"Q. Just before the truck turned, it slowed down, didn't it? A. Well, I could not tell you about that. Both were running plenty fast.

"Q. Didn't the truck slow down and that was when the taxi went around it? A. The taxi didn't get around it. They went together.

"Q. It started around it, didn't it? A. Yes, sir."

## Cross Examination.

"Q. What happened was the truck slowed down instead of the taxi speeding up, that's why the taxi went by? A. The taxi didn't get by.

"Q. The reason the taxi started to overcome or pass the truck was because the truck slowed down? A. Both were making good speed.

"Q. Hadn't the truck started to slow down? A. The truck turned in and they went together. Both were running, both were making too much speed for a place like that. They ought to be fixing to stop."

The testimony above set forth is favorable to the plaintiff, since in passing upon motions for directed verdict the evidence must be viewed in the light most favorable to the plaintiff.

The defendant Pope Cook, in his verified answer, put the blame of the collision on the taxi driver, and we quote the following from his answer:

"That before fully entering said parking place, a taxi operated by defendant B. E. Weathersbee, traveling east on Richland Avenue (U. S. Highway No. 1), at a high, dangerous and reckless rate of speed, considering the time, place and circumstances, without any warning of its approach or attempt to pass the same, ran upon and into collision with the left side of said truck, damaging it about the body and frame. * * * That said collision was brought about solely and as a proximate cause, and without which the same would not have occurred, by the negligence, carelessness, willfullness and recklessness of said driver of said taxi. * * *" The answer then proceeded to set out how or in what particulars the taxi was negligent.

When Cook, the owner and driver of the truck, took the stand, on direct examination he testified somewhat at variance with the verified allegations of his answer, but upon cross examination by plaintiff's counsel he testified that the allegations contained in his answer were true and that the

collision occurred in the manner set out in his answer. Whether the defendant Cook was giving a correct version of the facts surrounding the collision at the time he was directly examined, or upon his cross examination, or in his sworn answer, which he admitted upon cross examination was true,was a question of fact for the jury and not for this Court.

Appellants contend that the verdict is "illogical" and cite *Limehouse v. Southern Railway,* 216 S. C. 424, 58 S. E. (2d) 685 as authority for setting aside an illogical verdict. We do not think that the facts in the *Limehouse case* are at all comparable to the case before us. In the *Limehouse case* there was an action for actual and punitive damages to two children, and the testimony showed that both of the children received physical injuries. The verdict was only for punitive damages and nothing was awarded for actual damages. The matter was sent back to the lower court for a new trial, in line with the decision rendered in *Cook v. Atlantic Coast Line R. Co.,* 183 S. C. 279, 190 S. E. 923, 924, which held:

"Where the actual damages sought are for traumatic injury or injury to property, then in order to sustain a verdict for punitive damages, there must be actual damages capable of being measured in terms of dollars and cents—actual damages in some amount must be found independent of punitive damages."

In the *Limehouse case,* the question involved "what" the jury held and not "who" the jury held, which latter we have in the instant case.

We do not think that the reasons given in the *Limehouse case* for holding the verdict to be illogical can, in any way, be made applicable to the case before us.

Appellants contend that since the defendant Cook admitted in one part of his testimony that the accident was due to his fault, therefore the appellants should not have been held by the jury. However, they apparently overlook the fact that in other parts of Cook's testimony is found evidence quite

contrary to that part of the testimony cited by appellant, and it must be kept in mind that all of the evidence was before the jury.

Keeping in mind the original answer of Cook, in which he cited the negligence of the taxi driver as the cause of plaintiff's injury, it may be well to quote the following part of his cross examination, which reaffirmed the position he took in his answer:

"Q. You mean to say you went to your lawyers' office and signed a paper under oath you hadn't read? A. He read it off to me.

"Q. Did you understand it? A. Yes, sir.

"Q. Was it true? A. Yes, sir.

"Q. Was the information contained in that answer correct at that time? A. Yes, sir.

"Q. Why isn't it correct now? A. It is correct as far as I know."

The verified pleading of a party, made when his case is being prepared and when the facts should have been fresh in his mind, is not to be lightly regarded. In refusing appellant's motions, the Presiding Judge said:

"While my own view of the testimony is that it would have been more logical to hold the operators of both vehicles responsible for the collision, I am not persuaded that this is the only reasonable view of which the evidence was susceptible and do not feel justified in disturbing the conclusion of the jury thereabout."

In line with this expression of the Presiding Judge in the instant case was the view expressed by Mr. Chief Justice Baker, then Associate Justice, in *Worrel v. S. C. Power Co.*, 186 S. C. 306, 195 S. E. 638, 641, where he said, in upholding the verdict of the lower court:

"The fact that on the cold record we would not have rendered a verdict for respondent cannot control. It may be that had we known the witnesses, and observed their demeanor on the stand, we would view the case in a different light."

This Court has no power to review matters of fact in an action at law, except to determine if a verdict is wholly unsupported by evidence. *Worrel v. S. C. Power Co., supra.*

In civil actions the law does not require proof to a certainty, but it is enough if the evidence is sufficient to satisfy the mind and conscience of the court and the jury of the reasonable probability of the truth of the allegations. *Steele v. Atlantic Coast Line R. Co.,* 103 S. C. 102, 87 S. E. 639.

It does not follow that because it may appear from the testimony that an injury may have been caused in one of two ways, that the jury may not be allowed to determine in what way it was caused, if the facts and circumstances in evidence warrant a reasonable inference that it was caused in any way alleged in the complaint for which the defendant would be liable. *Worrel v. S. C. Power Co., supra.*

It is the law of this state that a case should be submitted to the jury not only when the testimony is conflicting but likewise when the inferences from it are in doubt. *Keistler Co. v. Aetna Insurance Co.,* 124 S. C. 32, 117 S. E. 70

"And it has been decided that, not only should questions of fact be submitted to the jury when they are in dispute, but also the matter is proper for the jury to pass upon when the question is as to inferences to be drawn from such facts, after the facts have been determined." *Anderson v. Hampton and Branchville R. and L. Co.,* 134 S. C. 185, 132 S. E. 47, 48.

The record shows that a fare-paying passenger was injured, and no question is raised as to the amount of the verdict. The record also shows that the passenger was injured in a collision between the taxi in which he was riding and a truck. No blame for the injury is attached to the plaintiff, and we think that the jury could very easily have re-

turned a verdict against all of the defendants. We cannot hold that the failure of the jury to hold all of the defendants is any legal reason for depriving the plaintiff of a verdict against some of the defendants when that verdict is supported by competent evidence, the weight of which was for the jury and not for the Court.

We cannot agree with appellants' contention that the evidence fails to establish negligence on the part of the driver of the taxi, and we think that the jury had sufficient grounds for their findings.

The jury heard all the questions and all the answers, and they had a right to believe a part, nothing, or all that the witnesses said, and the fact that they took that part of the witnesses' testimony which is unfavorable to the appellants is no reason for this Court to conclude that there findings were illogical.

We cannot conclude as a matter of law that there was an absence of negligence on the part of Lewis, the taxi driver, and while it was in the province of the jury to find against all the defendants rather than against two, yet that was a question for determination by the jury. Appellants' exceptions are overruled and the holding of the court below is affirmed.

STUKES, TAYLOR and OXNER, JJ., concur.

BAKER, C. J., not participating.