480 S.E.2d 726

John M. YORK, Appellant,

v.

CONWAY FORD, INC., Respondent.

No. 24564.

Supreme Court of South Carolina.

Submitted Dec. 5, 1996.

Decided Jan. 27, 1997.

---

John M. York, pro se.

George E. Graham, of McIver & Graham, Conway, for respondent.

MOORE, Justice:

Appellant contends the trial judge erred in denying his motion for a continuance, dismissing a cause of action based on the Unfair Trade Practices Act ("UTPA"), and refusing to set aside the jury's verdict on the remaining causes of action. We affirm in part and reverse in part.

## FACTS

On November 3, 1989, appellant John York purchased a 1988 truck from respondent Conway Ford, Inc., for $5,350.00. Appellant claims prior to purchasing the truck, he was told by Conway Ford that the truck was a "like new" demonstrator and had never been titled to an individual. Almost immediately after taking possession, York began to have mechanical trouble with the truck and on several occasions it had to be towed. In January 1990, appellant was told by a mechanic that the truck had a bent frame from a previous accident. He then returned the truck to Conway Ford and requested his money back or the truck be replaced. Conway Ford refused. Appellant sued alleging breach of contract, fraud, and violation of the UTPA. Immediately prior to the trial in August 1994, appellant learned that Conway Ford had sold the truck two weeks earlier to pay for storage fees assessed against appellant for the truck. Based upon this information, appellant sought a continuance in order to amend his complaint to allege a conversion cause of action. The trial judge denied his motion for a continuance. The trial judge granted respondent's motion to dismiss the UTPA cause of action and the jury returned a verdict in favor of Conway Ford on the remaining causes of action.

## ISSUES

1) Did the trial judge err in denying appellant's motion for a continuance?

2) Did the trial judge err in dismissing the UTPA causes of action?

3) Does the jury's verdict lack support?

## DISCUSSION

1) Continuance

 Appellant contends the trial judge erred in denying his motion for a continuance. Appellant moved for the continuance in the judge's chambers. Upon reconvening in the courtroom, appellant did not place the motion on the record. The record should include the ruling on appeal. *Zaman v. South Carolina State Bd. of Medical Examiners*, 305 S.C. 281, 408 S.E.2d 213 (1991). An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review. *Benton v. Davis*, 248 S.C. 402, 150 S.E.2d 235 (1966). Accordingly, this issue is procedurally barred.

2) UTPA

 Appellant contends the trial judge erred in directing a verdict on the UTPA cause of action. We agree. The trial judge ruled the UTPA was unavailable to redress a private wrong when the public interest is unaffected. To be actionable under the UTPA, the unfair or deceptive act or practice must have an impact upon the public interest. *Haley Nursery Co. v. Forrest*, 298 S.C. 520, 381 S.E.2d 906 (1989). Unfair or deceptive acts or practices have an impact upon the public interest if the acts or practices have the potential for repetition. *Id.* We hold the trial judge erred in dismissing appellant's UTPA cause of action. Conway Ford is in the business of selling cars. Certainly the alleged acts or practices have the potential for repetition.

3) Verdict

 Appellant contends the verdict for breach of contract and fraud causes of action is not supported by the evidence.

We disagree. In an action at law, on appeal of a case tried by a jury, our scope of review extends merely to the correction of errors of law; a factual finding of the jury will not be disturbed on appeal unless a review of the record discloses that there is no evidence which reasonably supports the jury's finding. *Townes Associates, Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976). We have no power to review matters of fact in an action at law, except to determine if a verdict is wholly unsupported by evidence. *Odom v. Weathersbee*, 225 S.C. 253, 81 S.E.2d 788 (1954). The verdict is not wholly unsupported by the evidence. The employees of Conway Ford denied making any misrepresentations. Obviously, the jury simply found these witnesses more credible or that appellant had not meet his burden of proving his allegations.

**AFFIRMED IN PART; REVERSED IN PART.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.