568 S.E.2d 354

**In the Matter of the Care and Treatment of Paul Newman ALLEN, Appellant.**

**No. 25504.**

Supreme Court of South Carolina.

Heard Feb. 6, 2002.

Decided July 22, 2002.

Assistant Appellate Defender Aileen P. Clare, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General Treva Ashworth, Senior Assistant Attorney General Kenneth P. Woodington, and Assistant Attorney General Steven G. Heckler, all of Columbia, for respondent.

Chief Justice TOAL.

Paul Newman Allen ("Allen") appeals the lower court's Order confining him to the Department of Mental Health pursuant to the South Carolina Sexually Violent Predator Act ("Act"), S.C.Code Ann. §§ 44–48–10, *et seq.*

## FACTUAL/ PROCEDURAL BACKGROUND

In 1978, Allen was given a three-year probationary sentence for Assault and Battery of a High and Aggravated Nature. In 1981, he was convicted for committing a Lewd Act Upon a Minor Child. Allen received a five-year sentence, suspended on the service of five years of probation. In 1983, he was arrested for committing a Lewd Act on a Child and First Degree Criminal Sexual Conduct. He was sentenced to two years confinement and three years probation. In 1984, Allen was charged with Aggravated Assault and Battery and sentenced to three years confinement. He was also convicted of committing a Lewd Act On a Minor, and his confinement was consecutive to his other charges. In 1987, Allen was convicted for Assault with Intent to Commit First Degree Criminal Sexual Conduct. He was given a twenty-year sentence. In 1988, he pled Guilty but Mentally Ill to Assault with Intent to

Commit Criminal Sexual Conduct and was given twenty years. It is unclear from the record whether the 1987 and 1988 convictions represented the same charge.[1] Allen's most recent conviction involved his attempted fondling of an eight-year-old girl at a church less than three months after he had been released from prison for his last sexual offense. In addition to the criminal charges, Allen has admitted to bestiality and cross-dressing.

On September 25, 1998, near the time Allen was scheduled to be released from prison, the State filed a Petition pursuant to the Act seeking to have him civilly committed as a Sexually Violent Predator ("SVP"). Allen appeared for initial hearings during the November and December 1998 terms of the Greenville County Court of Common Pleas. A final hearing was held in April 1999 before the Honorable John C. Hayes, III. At the hearing, Dr. Schwartz Watts, the State's expert who examined Allen, concluded that Allen's history indicated he suffered from two sexual disorders, pedophilia and paraphilia, both of which are "chronic mental illnesses" which "do not go away." Dr. Schwartz Watts concluded "these disorders make [Allen] likely to engage in further acts of sexual violence if not treated in a secure facility."

In an Order dated April 23, 1999, Judge Hayes found Allen was a sexually violent predator and ordered him committed to the custody of the S.C. Department of Mental Health. Allen appeals Judge Hayes' Order and the issue before this Court is:

Does South Carolina's Sexually Violent Predator Act violate the Constitutional prohibitions on Ex Post Facto laws and Double Jeopardy?

## LAW/ ANALYSIS

Allen argues the Act is not civil is nature and therefore violates the Double Jeopardy[2] and Ex Post Facto Clauses of the United States Constitution.[3] We disagree.

---

1. The record does not contain a clear description of Allen's past charges.

2. U.S. CONST. amend. V.

3. U.S. CONST. Art. 1, § 10, cl. 1.

Allen argues the lower court erred in relying on *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) [4] to hold the Act did not violate the Constitution. He argues Kansas' Sexually Violent Predator Act is "markedly different" from this State's Act in two respects.

This Court has already specifically addressed this issue in *In the Matter of the Care and Treatment of Matthews*, 345 S.C. 638, 550 S.E.2d 311 (2001) and *In the Matter of the Care and Treatment of McCracken*, 346 S.C. 87, 551 S.E.2d 235 (2001). In *Matthews*, we found the United States Supreme Court's (USSC) decision in *Kansas v. Hendricks*, to be controlling. We held our state's Act was not meaningfully distinguishable from Kansas' Act, and, therefore, the Act did not violate the Double Jeopardy Clause. *Matthews*. Furthermore, the constitutional holding of *Matthews* was summarized in *McCracken* as follows: "a side by side comparison of our SVP Act and the Kansas Act does not reveal any substantial differences." *McCracken*, 346 S.C. at 91, 551 S.E.2d at 238. Therefore, we have already directly addressed the issues raised by Allen and found them to be without merit. However, we will address Allen's specific arguments regarding the distinctions between the two Acts.

First, Allen argues that "unlike the Kansas law, criminal conviction is an absolute prerequisite to our statute's operation." This Court recently addressed this exact issue in *Matthews*. In *Matthews*, this Court recognized this factor to be the only distinction between the two Acts. *Id.* at 649–650, 550 S.E.2d at 316. However, this Court found it to be "a distinction without a difference" since the use of the word "conviction" included "persons charged but found incompetent to stand trial, those found not guilty by reason of insanity, and those found guilty but mentally ill." *Id.*

Secondly, Allen argues that "those committed under our statute are not treated as mentally ill persons, but as criminals," since those committed under the Act can be housed in ordinary jails and prisons. This argument was addressed in

---

**4.** In *Hendricks*, the United States Supreme Court upheld Kansas' procedure for the civil commitment of persons found to be sexual predators. The Court found Kansas' scheme was not punitive in nature and therefore not subject to attack under the Constitutional provisions intended to protect the criminally accused.

*McCracken*. The appellant in *McCracken* likewise argued, "the conditions of his confinement demonstrate that he is being improperly punished as a criminal." *McCracken*, 346 S.C. at 91, 551 S.E.2d at 238. This Court held that "his remedy for any such unconstitutional confinement would be by writ of habeas corpus." *Id*. (citing *Seling v. Young*, 531 U.S. 250, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001)). This Court held that if the statutory requirement for constitutional care and treatment is not met, "relief lies with an action brought against [the custodian] and not with a facial challenge to the statute which does not prescribe the terms of confinement." *Id*. Additionally, this Court recently addressed this issue in *In the Matter of the Care and Treatment of Clair Luckabaugh*, 351 S.C. 122, 568 S.E.2d 338 (2002). There, we held that housing sexually dangerous persons within a maximum-security prison did " 'not transform the State's intent to treat into an intent to punish.' " *Id*. at 137, 568 S.E.2d 338 (quoting *Allen v. Illinois*, 478 U.S. 364, 373, 106 S.Ct. 2988, 2994, 92 L.Ed.2d 296, 307).

Allen also contends the Act is punitive because it treats a person involuntarily committed under the Act differently from other involuntarily committed mental patients. This Court recently found this issue to be without merit in *Luckabaugh*.[5] *Id*.

## CONCLUSION

Based on the forgoing, we **AFFIRM** the decision of the trial court.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

5. This Court also notes *Luckabaugh* thoroughly discussed the implications of the USSC's recent ruling in *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). In *Luckabaugh*, we found South Carolina's Act complied with the holding of the USSC in *Kansas v. Crane*.