THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Matter of the Care and Treatment of Kenneth R.
Whitcraft,        Appellant.
 
 
 

Appeal From Beaufort County
R. Markley Dennis, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-018
Submitted October 15, 2003  Filed January 15, 2004 

AFFIRMED

 
 
 
John B. Williams, of Moncks Corner, for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. 
 McIntosh, Deputy Attorney General Treva Ashworth, Assistant Attorney General 
 Deborah R. J. Shupe, Assistant Attorney General R. Westmoreland Clarkson, all 
 of Columbia, for Respondent.
 
 
 

PER CURIAM:   A jury found that Appellant was a sexually violent predator. 
 We affirm.
 FACTS
Kenneth Whitcraft pled guilty to criminal sexual 
 conduct with a minor (second degree) in 1990. Whitcraft had been convicted on 
 similar charges in Pennsylvania as early as 1985. He was given a 16-year sentence. 
 In March of 2001, as Whitcraft was approaching his parole date, the state petitioned 
 Judge Dennis to declare Whitcraft a sexually violent predator. At trial, the 
 states expert witness testified that Whitcraft had a history,  severe difficulty 
 controlling his impulses; that Whitcraft suffered from pedophilia, alcohol 
 abuse, and anxiety disorder; that Whitcraft could have great difficulty controlling 
 his impulses if he started abusing alcohol again; that Whitcraft was in the 
 moderate to higher risk to reoffend group of sex offenders; and that Whitcraft 
 met the statutory definition of a sexually violent predator. After both sides 
 presented testimony, Whitcraft moved for a directed verdict. The trial judge 
 declined. The Berkeley County jury found that the state had proven beyond a 
 reasonable doubt that Whitcraft was a sexually violent predator under S.C. Ann. 
 Code § 44-48-30. The trial judge then committed Whitcraft to the Department 
 of Mental Health long term. Whitcraft appeals.
ISSUES

(1) Did the trial court err in not ruling that 
 the state failed to carry its burden under Kansa v. Crane? 
(2) Does the Sexual Violent Predator Act violate 
 the Ex Post Facto clauses of the U.S. and the South Carolina constitutions?
(3) Does restraining Whitcraft even after he has served 
 his sentence constitute cruel and unusual punishment?

 ANALYSIS 
In an action at law, on appeal of a case tried 
 by a jury, the [j]urisdiction of this Court extends merely to the correction 
 of errors of law, and a factual finding of the jury will not be disturbed unless 
 a review of the record discloses that there is no evidence which reasonably 
 supports the jury's findings. Townes Assoc., Ltd. v. City of Greenville, 
 266 S.C. 8, 86, 221 S.E.2d 773, 775 (1976) (citing Odom v. Weathersbee, 
 225 S.C. 253, 81 S.E.2d 788 (1954)).   
Whitcraft first argues that the state failed to 
 carry its burden under Kansas, as adopted in South Carolina. 
 [1] The South Carolina Act defines a sexually violent predator as a person 
 likely to engage in acts of sexual violence if not confined . S.C. Code Ann. 
 §44-48-30(1) (2002). In In the Matter of the Care and Treatment of Luckabaugh, 
 351 S.C. 122, 144, 568 S.E.2d 338, 349 (2002), the court declared that under 
 the Act, the individual can only be committed if he suffers from a mental illness 
 which he cannot sufficiently control without the structure and care provided 
 by a mental health facility, rendering him likely to commit a dangerous act. 
 In re Luckabaugh clearly mandates, among other elements, a finding that 
 the defendant requires residential treatment in order to control his impulses 
 before he can be committed to a long-term state facility.
Whitcraft argues that no such evidence was adduced at trial. 
 We disagree. At trial, the states expert testified that Whitcraft suffered 
 from three illnesses: alcohol abuse, anxiety disorder, and more serious or 
 severe pedophilia that could cause him extreme difficulty in controlling his 
 impulses. The states expert witness also specifically agreed that Whitcraft 
 suffers from a mental abnormality or personality disorder that  give[s] him 
 the propensity to engage in acts of sexual violence if not confined in a secure 
 facility for long-term care and treatment. Based on that testimony, the jury 
 found that Whitcraft is a sexually violent predator as defined under the Act. 

It is true that the evidence against Whitcraft 
 was less than overwhelming. [2] And there was contradicting testimony 
 from Whitcrafts expert. However, when ruling on a motion for a directed verdict, 
 a trial court considers the existence of the evidence, not its weight. State 
 v. Glaser, 349 S.C. 545, 548, 564 S.E.2d 87, 92 (2002). Here, the jury found 
 that Whitcraft was a sexually violent predator. There was sufficient evidence 
 to reasonably support that finding. Therefore, we cannot disturb the finding.
Whitcraft also argues that the Act violates the 
 ex post facto clause of both the U.S. and the South Carolina Constitutions. 
 That contention, however, is without merit since our supreme court has already 
 ruled that the Act is constitutional. The court held in In re: Luckabaugh, 
 351 S.C. at 135, 568 S.E.2d at 344 that the Act is a civil, non-punitive scheme. 
 The court explained that a statute creating two types of civil commitment is 
 not per se punitive in violation of the ex post facto clause. 
 Id. at 138, 568 S.E.2d at 246.
Since the Act is constitutional, Whitcrafts third 
 argument must necessarily fail.
AFFIRMED.
HUFF, STILWELL, and BEATTY, J.J., concur. 

 
 [1] Our Supreme Court has held that the states Sexual 
 Violent Predator Act is essentially similar to the Kansas statute addressed 
 in Kansas. In the Matter of the Care and Treatment of Allen, 
 351 S.C. 153, 156, 568 S.E.2d 354, 355 (2002) (citing In the Matter of 
 the care and Treatment of McCracken, 346 S.C. 87, 91, 551 S.E.2d 235, 
 238 (2001); In the Matter of the care and Treatment of Matthews, 354 
 S.C. 638, 649, 550 S.E.2d 311, 316 (2001)). 

 
 [2] The states expert indicated that 
 Whitcraft suffers from a serious form of pedophilia that could lead 
 to further offenses; that would be severe if left untreated; that he 
 could be treated in a non-residential facility; that Whicraft had cooperated 
 with the psychologist and accepted some responsibility for his actions.