THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dwayne Elliott Johnson,       
Respondent,
 
 
 

v.

 
 
 
The South Carolina Department of Probation, Parole and Pardon Services,       
Appellant.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-430
Submitted May 12, 2004  Filed July 
 9, 2004

AFFIRMED

 
 
 
Deputy Director for Legal Services Teresa A. Knox, Legal Counsel 
 Tommy Evans and Legal Counsel Benjamin Aplin, all of Columbia, for Appellant.
Senior Assistant Appellate Defender Wanda P. Hagler, Office 
 of Appellate Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The circuit court terminated 
 Dwayne Elliott Johnsons probation three years earlier than its scheduled expiration.  
 The South Carolina Department of Probation, Parole and Pardon Services appeals, 
 arguing the court lacked subject matter jurisdiction to entertain Johnsons 
 petition.  However, the department failed to include Johnsons original petition 
 or the courts final order in the record on appeal, failed to place the documents 
 contained in the record in the proper order, and failed to provide a proper 
 index.
We affirm 
 [1] pursuant to Rule 220(b), SCACR, and the following authorities:  South 
 Carolina Dept of Soc. Servs. v. Sims, Op. No. 3824 (S.C. Ct. App. filed 
 June 14, 2004) (Shearouse Adv. Sh. No. 25 at 91) (noting the burden of presenting 
 a sufficient record on appeal rests on the appellant and the omission of the 
 courts order alone could justify a finding that the issues on appeal are unpreserved 
 for appellate review); Harkins v. Greenville County, 340 S.C. 606, 616, 
 533 S.E.2d 886, 891 (2000) (affirming the circuit court on an issue because 
 appellant had not met its burden of presenting an adequate record on appeal); 
 York v. Conway Ford, Inc., 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997) 
 (The record should include the ruling on appeal.); South Carolina State 
 Highway Dept v. Meredith, 241 S.C. 306, 311, 128 S.E.2d 179, 181 (1962) 
 (The transcript of record is the source of our information as to what occurred 
 in the trial of the case below; its very object is to inform the Court authoritatively 
 of the legal questions contested below and of the facts pertaining thereto.); 
 Rule 210(h), SCACR ([T]he appellate court will not consider any fact which 
 does not appear in the record on appeal.).
 AFFIRMED.
HEARN, C.J., STILWELL, J., and CURETON, 
 A.J., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.