FACTS

THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Derrin Delesline,       
Appellant.
 
 
 

Appeal From Charleston County
Daniel  F.  Pieper, Circuit Court Judge

Unpublished Opinion No.  2005-UP-121
Heard February 8, 2005  Filed February 
 16, 2005

AFFIRMED

 
 
 
Jack B. Swerling, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and 
 Solicitor Ralph E. Hoisington, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Derrin Delesline appeals his 
 convictions for distribution of crack cocaine and distribution of crack cocaine 
 in proximity of a school.  He argues the trial court lacked subject matter jurisdiction 
 because the indictments did not allege the requisite mental state of knowledge.  
 He also argues the court erred in admitting a tape recording made from a wire 
 worn by a confidential informant and in failing to strike testimony regarding 
 other drug transactions.  We affirm pursuant to Rule 220(b)(2), SCACR, and the 
 following authorities:
1.       The indictments alleged the elements necessary 
 to convey subject matter jurisdiction: State v. Primus, 349 S.C. 
 576, 579, 564 S.E.2d 103, 105 (2002) (A court acquires subject matter jurisdiction 
 over a defendant where there is an indictment which sufficiently states the 
 offense, the defendant waives presentment, or the offense is a lesser included 
 offense of the crime charged in the indictment.); Browning v. State, 320 
 S.C. 366, 368, 465 S.E.2d 358, 359 (1995) (The true test of the sufficiency 
 of an indictment is not whether it could be made more definite and certain, 
 but whether it contains the necessary elements of the offense intended to be 
 charged and sufficiently apprises the defendant of what he must be prepared 
 to meet.); State v. Gill, 355 S.C. 234, 584 S.E.2d 432 (Ct. App. 2003) 
 (holding the element of knowledge is not required in an indictment for the crime 
 of distribution of crack cocaine).
2.       The issue of whether the trial 
 court erred in admitting the tape recording is not preserved for review: State 
 v. Patterson, 324 S.C. 5, 482 S.E.2d 760 (1997) (holding a general objection 
 that fails to specify the particular ground on which the objection is based 
 is insufficient to preserve a question for review); York v. Conway Ford, 
 Inc., 325 S.C. 170, 480 S.E.2d 726 (1997) (stating an objection made in 
 an off-the-record conference not later placed on the record does not preserve 
 the issue for review). 
3.       The issue of whether the trial 
 court erred in failing to strike testimony concerning other drug transactions 
 is not preserved for review: State v. McFadden, 318 S.C. 404, 410, 458 
 S.E.2d 61, 65 (Ct. App. 1995) (holding issues concerning objectionable testimony 
 are not preserved for appellate purposes when an objection is sustained if the 
 objecting party does not move to strike the offending testimony).  
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.