# The Supreme Court of South Carolina

Betty Fisher and Lisa Fisher, Appellants,

v.

Bessie Huckabee, Kay Passailaigue Slade and Sandra Byrd, Respondents.

In the Matter of the Estate of Alice Shaw-Baker.

Appellate Case No. 2018-000566

---

## ORDER

---

After careful consideration of the cross petitions for rehearing, the Court grants Appellants' petition for rehearing, dispenses with further briefing, and substitutes the attached opinion for the opinion previously filed in this matter. The Court denies Respondents' petition for rehearing.

s/ Donald W. Beatty      C.J.

s/ John W. Kittredge      J.

s/ Kaye G. Hearn      J.

s/ John Cannon Few      J.

s/ George C. James, Jr.      J.

Columbia, South Carolina
January 16, 2019

**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Betty Fisher and Lisa Fisher, Appellants,

v.

Bessie Huckabee, Kay Passailaigue Slade and Sandra Byrd, Respondents.

In the Matter of the Estate of Alice Shaw-Baker.

Appellate Case No. 2018-000566

---

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court Judge

---

Memorandum Opinion No. 2018-MO-039
Heard November 28, 2018 – Re-Filed January 16, 2019

---

**AFFIRMED IN PART, REVERSED IN PART**

---

Lisa Fisher and Betty Fisher, both of Long Beach, California, *pro se*, Appellants.

Warren W. Wills III, of the Law Office of W. Westbrook Wills III, of Folly Beach, and Jessica Lynn Crowley, of Crowley Law Firm, LLC, of Charleston, for Respondents Bessie Huckabee, Kay Passailaigue Slade, and Sandra Byrd.

---

**PER CURIAM:** Having carefully reviewed the record, and pursuant to Rule 220(b)(1), SCACR:

1. We affirm the jury verdict upholding the validity of Alice Shaw-Baker's last will pursuant to the following authorities: *In re Estate of Pallister*, 363 S.C. 437, 447, 611 S.E.2d 250, 256 (2005) (explaining an action to determine the validity of a will or to contest a will is an action at law); *York v. Conway Ford, Inc.*, 325 S.C. 170, 174, 480 S.E.2d 726, 728 (1997) ("In an action at law, on appeal of a case tried by a jury, our scope of review extends merely to the correction of errors of law; a factual finding of the jury will not be disturbed on appeal unless a review of the record discloses that there is no evidence which reasonably supports the jury's finding."); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement, the party is deemed to have abandoned the issue on appeal). Moreover, we find that the purported erroneous exclusion of evidence in no manner affected the jury verdict upholding Shaw-Baker's last will. *See Jenkins v. Waterfront Emp'rs-Int'l Longshoremen Ass'n Pension Welfare & Vacation Fund*, 260 S.C. 277, 282, 195 S.E.2d 598, 600 (1973) ("It is, of course, well settled that the admission or rejection of proffered testimony is largely within the sound discretion of the trial judge and that his exercise of such discretion will not be disturbed on appeal unless it can be shown that there was an abuse of discretion amounting to an error of law and that an appellant has been prejudiced thereby.").

2. We have independently reviewed the evidence concerning Appellants' request to impose a constructive trust over the probate and non-probate assets in favor of animal charities. Our review of the evidence is in accord with that of the trial court. Appellants have no standing to assert the imposition of a constructive trust; Lisa Fisher's argument in support of standing borders on frivolity. We affirm pursuant to the following authorities: *Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001) ("To have standing, one must have a personal stake in the subject matter of the lawsuit. In other words, one must be a real party in interest. A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action. A [] person does not have standing unless *he* has sustained, or is in immediate danger of sustaining, prejudice from an . . . action." (emphasis

added) (internal citations omitted) (internal quotation marks omitted)); S.C. Code Ann. § 62-7-405(c) (Supp. 2018) ("The settlor of a charitable trust, the trustee, and the Attorney General, among others may maintain a proceeding to enforce the trust.").

3. We reverse the trial court's award of sanctions against Betty Fisher, in its entirety, for three reasons. *See Pee Dee Health Care, P.A. v. Estate of Thompson*, 424 S.C. 520, 538 n.11, 818 S.E.2d 758, 768 n.11 (2018) ("The decision to impose sanctions is one in equity, and thus the appellate court reviews the circuit court's factual findings de novo. If the appellate court agrees with the factual findings, then it reviews the circuit court's decision to impose sanctions and the amount of sanctions for an abuse of discretion." (internal citation omitted)); *Patel v. Patel*, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004) ("An abuse of discretion occurs either when a court is controlled by some error of law, or where the order is based upon findings of fact lacking evidentiary support."). First, the sanctions awarded against Betty Fisher do not mathematically add up to the claimed total in the trial court's final order and, at times, lack factual support in the record. *See Patel*, 359 S.C. at 529, 599 S.E.2d at 121 (stating a decision that lacks factual support in the record amounts to an abuse of discretion). Second, the trial court imposed $78,596.02 in sanctions against Betty Fisher for improper expenditure of estate assets when it is uncontroverted Betty Fisher had no control over those assets and nothing to do with any allegedly improper expenditures. Third, and perhaps most importantly, although Betty Fisher was a named party in all of the numerous actions involving Shaw-Baker's estate, she was not in charge of the actions and merely went along with what her daughter—Lisa Fisher, an attorney in California—advised her. From our review of the record, it does not appear *Betty* Fisher individually engaged in egregious, sanctionable conduct. As a result, we find the decision to impose sanctions against Betty Fisher was an abuse of discretion and vacate all judgments against her.

4. We affirm in part and reverse in part the trial court's award of sanctions against Lisa Fisher. Lisa Fisher has certainly engaged in abusive litigation tactics that amount to sanctionable conduct. However, regarding the *specific* sanctions amount imposed on her, we find the trial court's orders contain addition and subtraction errors, double-counting of certain portions of the award, a lack of evidence as to other portions of the award, and a number of

other errors, mathematical and otherwise.[1]  Nonetheless, pursuant to Rule 11, SCRCP, we are able to affirm a sanctions award of $16,680.28 against Lisa Fisher, but only to that extent.[2]  We have endeavored to further reconcile the various numbers cited in the sanctions orders, yet despite our best efforts, are unable to do so.  Accordingly, we reverse the balance of the sanctions award, including the award of attorneys' fees to Respondents' counsel.  *See Patel*, 359 S.C. at 529, 599 S.E.2d at 121.

In sum, we:  (1) affirm the jury verdict; (2) affirm the refusal to impose a constructive trust on probate and non-probate assets; (3) reverse all judgments against Betty Fisher; (4) reverse all judgments against Lisa Fisher in favor of Respondents' counsel; and (5) affirm as modified the award of sanctions against Lisa Fisher in favor of Shaw-Baker's estate in the amount of $16,680.28.  Given the protracted litigation in this and related suits and the desperate need to finish the seemingly endless fighting over Shaw-Baker's estate, we decline to remand any of these matters to the circuit court for further consideration.  This case is concluded.

**AFFIRMED IN PART, REVERSED IN PART.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[1] We recognize the trial court drafted the orders, which Respondents' counsel lamented at oral argument.  The errors in terms of the sanctions award are numerous.  For example, although this is by no means the exclusive error, in the 2018 orders dated June 29, July 9, and July 23, the trial court stated it was crediting Lisa Fisher with $11,462.85 in proper expenditures of estate assets for certain categories of expenses, including paying the property taxes and insurance on Shaw-Baker's real property in the years following her death.  However, the trial court did not actually credit her with that, or any, amount from the remaining total of improper estate expenditures it listed.

[2] Although the trial court's imposition of sanctions on Lisa Fisher was initially based on violations of Rule 11 and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §§ 15-36-10 to -100 (Supp. 2018), we clarify our partial affirmance of the sanctions award rests solely on Lisa Fisher's violations of Rule 11.