**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

K'Sone Marquail Campbell, Appellant.

Appellate Case No. 2020-000508

———————————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-254
Submitted April 1, 2022 – Filed June 8, 2022

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————————

**PER CURIAM:**  K'Sone Marquail Campbell appeals his conviction and sentence of thirty-seven years' imprisonment for murder.  On appeal, he argues the trial court erred in allowing the State to cross-examine him about a text message he sent to an unknown person because (1) the text message was irrelevant and highly prejudicial, and (2) he did not open the door to cross-examination on the matter. We affirm.

We hold Campbell's argument is not preserved for appellate review.  At a pretrial hearing, Campbell argued the trial court should have excluded the text message; however, the trial court reserved a final ruling on the text message's admissibility until trial.   When the State questioned Campbell about the text message at trial, Campbell interrupted, and the trial court held an off-the-record bench conference. Neither the parties nor the trial court put the substance of the bench conference or the trial court's ruling on the record.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *State v. Franks*, 432 S.C. 58, 79, 849 S.E.2d 580, 591 (Ct. App. 2020) ("An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review." (quoting *York v. Conway Ford, Inc.*, 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997))); *State v. Washington*, 431 S.C. 394, 404-05, 848 S.E.2d 779, 784-85 (2020) (finding that although an off-the-record bench conference took place during a witness's testimony, the appellant's argument was not preserved for review because there was "no record of the substance of the arguments or rulings that took place" during the conference); *id.* at 405 n.4, 848 S.E.2d at 785 n.4 (stressing the importance of placing off-the-record arguments and rulings on the record and holding it is trial counsel's duty to do so).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.