**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Diane Brooks and Ray Warren, Defendants,

and

Ashley Nicole Rayl Bright and James Monroe Bright, III,
Respondents,

v.

Paula Diane Brooks, Ray Warren, and South Carolina
Department of Social Services, Defendants,

Of whom Paula Diane Brooks is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2023-000872

———————

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-188
Submitted May 20, 2024 – Filed May 20, 2024

———————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

James Fletcher Thompson, of Thompson Dove Law
Group LLC, of Spartanburg, for Respondents Ashley
Nicole Rayl Bright and James Monroe Bright, III.

Rebecca Rush Wray, of South Carolina Department of
Social Services, of Greenville, for Respondent South
Carolina Department of Social Services.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law,
of Greenville, for the Guardians ad Litem.

**PER CURIAM:**  Paula Diane Brooks (Mother) appeals an order of the family court terminating her parental rights to her two minor children (collectively, Children).  On appeal, Mother argues the family court erred in (1) removing Ray Warren (Father) from the courtroom after a motion to sequester witnesses; (2) finding clear and convincing evidence showed that Mother willfully failed to support Children; and (3) finding that termination of parental rights (TPR) was in Children's best interests.  We affirm.

1.  We hold the issue of Father's removal from the courtroom is not preserved for this court's review.  It appears the ruling was made off the record during a pretrial conference, and the record does not contain any objection from Mother regarding the motion to sequester.  *See State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the [family] court."); *York v. Conway Ford, Inc.*, 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997) ("An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review.").

2.  We hold clear and convincing evidence supported termination of Mother's parental rights on the grounds that (1) Mother failed to remedy the conditions that caused Children's removal and (2) because of the severity and repetition of abuse,

her home could not be made safe within twelve months.[1]  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); S.C. Code Ann. § 63-7-2570 (Supp. 2023) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (noting the grounds for TPR must be proved by clear and convincing evidence).

As to Mother's failure to remedy the conditions that caused Children's removal, we note that the South Carolina Department of Social Services (DSS) initially obtained an ex parte order placing Children into emergency protective custody based on, among other things, concerns about Mother's capacity to parent and the conditions in the home, including a strong smell of cigarette smoke.  Mother's treatment plan specifically required her to provide a home environment free of first-, second-, and thirdhand cigarette smoke, and Children's primary physician and pulmonologist both testified smoke exposure was potentially life-threatening for Children.  Nonetheless, Mother and Grandmother—Mother's primary helper who also lived in the home—steadfastly refused to quit smoking.  Both the DSS caseworker and the guardian ad litem (GAL) testified the home smelled strongly of cigarette smoke, and Mother's own pictures of the home showed ashtrays and lighters in the home, even after the start of the TPR hearing.  We agree with the family court's finding that Mother's assertion that the family would shower and change clothes after smoking—up to forty times per day—was not credible.  Additionally, although Mother completed parenting classes, she told the doctor conducting her psychological evaluation that the classes were "stupid," and the DSS caseworker and the GAL testified Mother had not made any behavioral changes.  *See* § 63-7-2570(2) (stating the family court may order TPR if a child "has been out of the [parent's] home for a period of six months following the adoption of a placement plan . . . and the parent has not remedied the conditions which caused the removal"); *Dep't of Soc. Servs. v. Pritchett*, 296 S.C. 517, 520, 374 S.E.2d 500, 501 (Ct. App. 1988) ("[T]he statute allows for termination of

---

[1] Although Mother listed only the ground of failure to support in her statement of issues on appeal, her brief contained argument as to all four grounds found by the family court.  "Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."  Rule 208(b)(1)(B), SCACR.  However, because "procedural rules are subservient to the court's duty to zealously guard the rights of minors," we reviewed all four grounds found by the family court.  *Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000).

parental rights where the parent has *not remedied* the conditions causing removal."); *id.* (explaining an attempt to remedy alone is insufficient to preserve parental rights; rather, "[t]he attempt must have, in fact, remedied the conditions").

As to the family court's finding that due to the severity and repetition of abuse and neglect, Mother's home could not be made safe within twelve months, we note that Children had been diagnosed with chronic lung disease, and, as discussed above, Mother and Grandmother—her primary helper—continued to smoke cigarettes despite knowing the danger for Children.  Additionally, Children were medically fragile with myriad other diagnoses that required frequent, ongoing specialized care.  Mother did not attend any of Children's doctor's appointments or surgeries, and she has a history of medical neglect of her older children.  *See* § 63-7-2570(1) (explaining a statutory ground for TPR is met when a child was harmed while residing in the parent's home "and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); *id.* ("In determining the likelihood that the home can be made safe, the parent's previous abuse or neglect of the child or another child may be considered.").  Accordingly, we affirm the family court's findings as to these statutory grounds for TPR.[2]

3.  We hold termination of Mother's parental rights was in Children's best interests.[3]  *See* § 63-7-2570 (Supp. 2023) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest).  The DSS caseworker and the GAL agreed Mother's home remained unfit and dangerous for Children to live in and Mother was unable to demonstrate

---

[2] Because we find the family court properly granted TPR on two grounds, we decline to address the remaining grounds.  *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[3] Although Mother included the question of Children's best interests in her issue statement, she did not address it in the body of her brief.  Ordinarily, this would constitute abandonment of the issue; however, pursuant to this court's broad scope of review in matters involving the rights of children, we have nonetheless considered it.  *See Wright v. Craft*, 372 S.C. 1, 21, 640 S.E.2d 486, 497 (Ct. App. 2006) (holding an issue listed in appellant's statement of issues on appeal but not addressed in the brief was abandoned); *Joiner ex rel. Rivas*, 342 S.C. at 107, 536 S.E.2d at 374 ("[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors.").

sufficient understanding of Children's medical issues and an ability to appropriately care for them. Further, an attachment expert testified Children were securely attached and bonded to the foster parents—who wished to adopt them—and would suffer harm if separated from them. The GAL testified the foster parents had gone "above and beyond" in their care for Children, and Children were doing well in their home. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Therefore, we affirm the family court's finding that TPR was in Children's best interests.

**AFFIRMED.**[4]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.